**In re WILLIAM STEINER,**
**INC., Debtor.**

**Bankruptcy No. 90–5–3451–JS.**

United States Bankruptcy Court,
D. Maryland.

Feb. 12, 1992.

Robert J. Harris, Baltimore, Md., for debtor.

Edmund A. Goldberg, Sr. Atty. Advisor, Office of the U.S. Trustee, Baltimore, Md., for U.S. Trustee.

## MEMORANDUM OPINION DISMISSING CHAPTER 11 CASE

JAMES F. SCHNEIDER, Bankruptcy Judge.

The U.S. Trustee moved under 11 U.S.C. Section 1112(b) to dismiss or convert this case based upon the debtor's failures to file monthly operating reports and pay U.S. Trustee quarterly fees. The motion was argued before Judge Derby, to whom the case was originally assigned. The grounds raised by the U.S. Trustee at hearing on June 6, 1991, were admitted by both sides to be the same as those raised before Judge Derby at the earlier hearing.

The case was reassigned because a prior Chapter 13 case by the debtor's principal, # 88–5–3138–JS, was pending before the undersigned bankruptcy judge.

The Court notes that at the hearing on June 6, 1991, the debtor tendered skeletal, handwritten one-page reports of receipts and disbursements, and a quarterly fee check to the U.S. Trustee, ostensibly curing the written grounds of the motion. The reports that were submitted were summary reports at best, and not on the prescribed forms supplied to all debtors by the U.S. Trustee's office; nor do the reports even approximate a reasonable modification of such forms.

Even if the reports as submitted are accepted, however, the U.S. Trustee raised additional grounds at the hearing. These grounds were based entirely on the debtor's own schedules, and the record of the case, and were known to the debtor prior to the hearing. Moreover, the debtor was aware of the U.S. Trustee's concerns by virtue of these identical grounds having been raised before Judge Derby.

The U.S. Trustee's principal argument was that the Court should not allow a Chapter 11 case to remain before it when the sole-scheduled claim is a disputed state tax claim. The U.S. Trustee argued, in essence, that such a case is (1) judicially and administratively wasteful; (2) filed in bad faith; and (3) fails to give due regard to state jurisdiction over a dispute that solely involves state law. In arguing for dismissal on the ground of lack of good faith, the U.S. Trustee cited the case of *Furness v. Lilienfield*, 35 B.R. 1006 (D.Md. 1983).

The U.S. Trustee also argued for dismissal due to the lengthy pendency of this case without the filing of a plan.

The debtor responded with the argument that resolution of the disputed claim is necessary for the Chapter 13 proceeding of its principal, William Steiner, who needs the debtor's liquor license to operate the bar and receive income for his chapter 13 plan. The State of Maryland, it was proffered, has attempted to seize the liquor license in enforcing the State's claim for unpaid sales tax.

Having heard the arguments of counsel, the Court allowed the debtor to file a responsive memorandum. Such a memorandum was filed by debtor's counsel on July 10, 1991.

## FINDINGS OF FACT

1. The debtor has not filed a plan despite the pendency of this case since August 15, 1990.

2. The only scheduled debt is the claim of the State of Maryland for sales and use taxes, listed on Schedule A–1 as "disputed

and unliquidated," but stated as being $40,-000 in amount.

3. The debtor has been chronically delinquent in the filing of reports and the payment of fees throughout this proceeding, resulting in an order directing the debtor to file reports; the U.S. Trustee's certification dated January 31, 1991, of the debtor's failure to comply with the Order; and the November 20, 1991, motion to convert or dismiss, based on delinquent fees and reports.

4. The debtor substantially satisfied, albeit at the last possible moment and in a manner barely acceptable, the written grounds of the U.S. Trustee's motion to convert or dismiss.

5. The debtor had due notice of the U.S. Trustee's additional grounds for dismissal and was not prejudiced by their omission from the written motion. All facts upon which the U.S. Trustee relied were known to the debtor.

## CONCLUSIONS OF LAW

■ 1. The filing of a bankruptcy proceeding for the sole purpose of thwarting state tax collection efforts, when the state courts are available to resolve disputes between taxpayers and state taxing authorities, and able to grant injunctions *pendente lite,* is an impermissible misuse of the jurisdiction and process of this Court.

■ 2. The filing of the instant Chapter 11 proceeding was *per se* in bad faith, because this debtor (1) had no demonstrable need to reorganize; (2) had no legitimate reorganization purpose; (3) has not exhausted remedies available under state law; and (4) such filing amounts to an abuse of process, namely the use of the automatic stay of Section 362 of the Bankruptcy Code to thwart the collection of taxes by the state.

3. This debtor obviously does not have "an honest intent and genuine desire ... to use the statutory process [of Chapter 11] to effect a plan of reorganization." *Furness v. Lilienfield,* 35 B.R. at 1012 (*citing In re Metropolitan Realty Co.,* 433 F.2d 676, 678 (5th Cir.1970), *cert. denied,* 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971)). The

debtor has no unsecured debts, other than taxes, which it denies owing.

4. When properly invoked, the Chapter 11 process affords financially-strapped debtors a breathing spell and a vehicle (the plan of reorganization) to address multiple claims in one proceeding. The Chapter 11 plan typically classifies claims and maximizes a debtor's assets and opportunities to propose an acceptable means of satisfying those claims.

■ 5. The Court holds that objective and subjective bad faith as required in *Carolin Corp. v. Miller,* 886 F.2d 693 (4th Cir.1989) have both been demonstrated. Objective bad faith was established as a matter of law on the record cited above. The objective futility of the "reorganization" is shown by the facts that the debtor scheduled but one debt. Reorganization cannot be predicated on a two-party dispute.

■ Subjective bad faith is demonstrated by the fact that debtor admitted on the record, upon proffer by counsel, that its sole purpose in filing the proceeding was to stay tax enforcement and prevent seizure of its liquor license, proper state regulatory functions.

■ 6. Independently of bad faith, the Court finds cause for dismissal under 11 U.S.C. Section 1112(b) by the debtor's unreasonable delays in this case. Not only did the debtor unreasonably delay complying with administrative requirements, but it also has not filed a plan within a reasonable time under the circumstances.

■ 7. The debtor has been on notice for some time of the grounds raised by the U.S. Trustee in support of the instant motion to dismiss or convert. Although it would have been desirable for the U.S. Trustee to state such grounds in writing, the Court finds that the debtor was not prejudiced, because it was provided the opportunity to respond in writing, and in fact availed itself of that opportunity to respond by the filing of a memorandum on all the points raised orally at the hearing by the U.S. Trustee.

For all these reasons, the instant proceeding will be DISMISSED WITH PREJUDICE.

ORDER ACCORDINGLY.