**In re Robert J. ERCHAK, Debtor.**

**Bankruptcy No. 92–30807.**

United States Bankruptcy Court, N.D. West Virginia.

Jan. 7, 1993.

---

Robert J. Erchak, pro se.

Patrick Flatley, Asst. U.S. Atty., Wheeling, WV, R. Scott Clark, Tax Div., Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

On July 6, 1992, the debtor filed his Chapter 11 petition in bankruptcy. The bankruptcy petition reflects the following:

| Assets | Ownership | Value. |
|---|---|---|
| **Real estate:** | | |
| 213 acres with house | Co-owner | $500,000. |
| 130 acres undeveloped | Co-owner | 130,000. |
| 1 lot | Co-owner | 3,000. |
| | | |
| **Personal property:** | | |
| Cash | | $1,000. |
| Household goods and wearing apparel | | 2,000. |
| Automobiles | | 1,100. |
| Farming equipment | | 3,500. |
| Tools | | 1,000. |

ERISA Retirement Benefits $7,389.26 Month

Liabilities:

IRS                                    $181,902.23

According to the schedules, the Internal Revenue Service ("IRS") levied upon the ERISA Retirement Benefit except for $408.00. The debtor shows no other income except for the ERISA Retirement Benefit.[1]

A hearing was held on November 6, 1992, on the debtor's Motion for Entry of Order Authorizing Depositions and Motion to Stay Collection For Violation of Automatic Stay and for Contempt Sanctions. At the conclusion of the hearing, the Court informed the debtor that it appeared as if the dispute was between the debtor and the Internal Revenue Service and although bankruptcy courts decided tax issues in many reorganization cases, there were other courts that were more familiar with tax issues. It was suggested to the debtor that he litigate his issue with the Internal Revenue Service in another forum. By order dated November 11, 1992, the debtor's bankruptcy case was dismissed.

Apparently the debtor did not agree with the suggestion made by the Court and filed a Motion to Amend or Make Additional Findings of Fact Pursuant to Rule 7052(b), a Motion to Alter or Amend a Judgment Pursuant to rule 9023 and a Motion for Stay Pending Appeal Under Rule 8005.

The Court granted the debtor's motion to make additional findings of fact and set a hearing for December 18, 1992, to allow the debtor to present any evidence that he felt appropriate to demonstrate why this Court should maintain jurisdiction over his case. (See Order dated November 27, 1992.)

At the hearing held on December 18, 1992, the debtor tendered to the Court an exhibit consisting of copies of 226 letters (by the Court's count) written to various government authorities. The letters are directed to:

1. Senator Robert C. Byrd

2. Senator Jay Rockefeller

3. Secretary of the Treasury

4. Congressman Harley O. Staggers, Jr.

5. Commissioner of Internal Revenue

6. Internal Revenue Service (various agencies)

7. Pension Benefit Guaranty Corporation.

The correspondence indicates a long-running dispute with the IRS. The debtor indicates that he rescinded his social security number and W–4 exemption certificate in 1984. Since that time, he has not been able to get any cooperation from the Internal Revenue Service. He is also fighting the levy against his pension benefits at the administrative level. The debtor's letters challenge the Internal Revenue Service with violation of several IRS Code provisions. The correspondence strengthens this Court's belief that the debtor is using the wrong forum to address his grievances.

While there is no specific bankruptcy provision requiring that a petition be filed in "good faith," courts have consistently found such requirement by implication.

"Conduct interdicted in the cases can be summarized as conduct which is inconsistent with the underlying purposes and contemplation of the reorganization and rehabilitation process and constitutes a perversion of legislative intent. The cases analyzing these concepts and principals are as consistent with the purposes and objectives of Chapter 11 of the Code as with the prior legislative enactments from which the Code was derived. It would be more than anomalous to conclude that in consolidating the provisions of Chapters X, XI and XII in Chapter 11 of the Code, Congress intended to do away with a safeguard against abuse and misuse of process which had been established and accepted as part of bankruptcy philosophy (either by statute or decisional law) for almost a century. 'Good faith' must therefore be viewed as an implicit prerequisite to the filing or continuation of a proceeding under Chapter 11 of the Code."

---

**1.** The monthly statements reflect the debtor's current income to be approximately $4,360 per month.

5 KING, ET AL., COLLIER ON BANKRUPTCY ¶ 112.03 (15th ed. 1992) citing *In re Victory Constr. Co., Inc.,* 9 B.R. 549 (Bankr. C.D.Cal.1981).

Bankruptcy Courts have the power to dismiss a Chapter 11 proceeding *sua sponte. In re Nikron,* 27 B.R. 773 (Bankr. E.D.Mich.1983). In 1986, Congress amended § 105(a) to provide as follows:

"No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

Therefore, a bankruptcy judge may convert or dismiss a case *sua sponte* even though § 1112 explicitly requires that the request be made by a party in interest. 5 KING, ET AL., COLLIER ON BANKRUPTCY ¶ 1112.03 (15th ed. 1992).

Bankruptcy Code § 1112(b) allows the bankruptcy court to dismiss a bankruptcy petition for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation." The filing of the petition stayed the levy of the IRS on the debtor's ERISA Retirement Benefits. Each month, the debtor remains under the protection of the automatic stay, the debtor receives the payment which would be paid to the IRS under its levy. Under § 1112(b), the debtor had the exclusive right to file a plan for 120 days from the date the order for relief was entered (July 6, 1992). On October 6, 1992, the debtor's exclusive period expired and no plan was filed. The debtor's case is not complex. There is only one creditor—the IRS. The Court is of the opinion that the debtor does not intend to file a plan and that the filing was made for the sole purpose of staying the effect of the IRS levy.

In *Carolin Corp. v. Miller,* 886 F.2d 693 (4th Cir.1989), the Fourth Circuit developed a two-pronged test to determine good faith: objective futility and subjective bad faith.

The objective futility inquiry is designed to insure that there is embodied in the petition some relation to the statutory objective of resuscitating a financially troubled debtor. It should concentrate on assessing whether there is no going concern to preserve and no hope of rehabilitation except according to the debtor's terminal euphoria. As stated in *In re Thirtieth Place, Inc.,* 30 B.R. 503 (9th Cir.BAP 1983):

"The predominant purpose in filing the petition was to prevent foreclosure upon the heavily encumbered property. It must be noted that there was no plan contemplated for the infusion of capital, no gain in managerial expertise, no history of past business conduct, no employees and indeed, no current business activity on the date of the commencement of the case nor are there any reasonable prospects for the conduct of future business."

*In re Thirtieth,* p. 505. *See also Matter of Little Creek Development Co.,* 779 F.2d 1068 (5th Cir.1986).

The Sixth Circuit in *In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (1985) noted:

"The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. See *In re Dolton Lodge Trust No. 35188,* 22 B.R. 918, 922 (Bankr.N.D.Ill.1982). 'If there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 has lost its raison d'etre ...' *In re Ironsides, Inc.,* 34 B.R. 337, 339 (Bankr.W.D.Ky.1983)."

The subjective bad faith inquiry is designed to ensure that the debtor actually intends to use the Chapter 11 proceedings to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business. If the debtor's real motivation is to abuse the reorganization process and cause hardship and delay to creditors by invoking the automatic stay without an intent or ability to reorganize his financial activities, then his case should be dismissed. *Carolin Corp., supra,* p. 702. °

■ The debtor is not engaged in business. An individual debtor not engaged in business may properly file a Chapter 11 bankruptcy petition. *Toibb v. Radloff,* — U.S. ——, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991).

The "good faith" test is more difficult to apply to a non-business debtor since there is no going concern to rehabilitate. The pleadings filed by the debtor do not reflect an intent to reorganize. The debtor has filed 16 pleadings relating to his disagreement with the IRS.[2] In the first pleading entitled "DEPOSITION BEFORE ACTION UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 27(a)," the debtor seeks to take the depositions of 13 persons employed by the IRS. He sets forth that the deposition of district counsel will be used to develop "Treasury Decisions and Revenue Rulings Administrative Procedures Act, Federal Register Act, Federal Rules of Evidence, and the Paperwork Reduction Act." Eight employees of the IRS are requested to testify for "Authenticity of documents along with procedures, failure to follow statutes, rules, policies, regulations, and authority for various actions." Three district directors (one former director) are requested to testify to "Authenticity of documents along with procedures, failure to follow statutes, rules, policies, regulations, and authority for various actions; Illegal Tax Protestor and Potentially Dangerous Taxpayer Programs."

In the pleading entitled "MOTION TO DELAY FILING OF PLAN PENDING FINDINGS OF FACTS IN ADVERSARIAL PROCEEDING," the debtor requests that he be allowed to delay the filing of his plan until the adversary proceeding is decided. In accordance with the previous motion, the debtor would need to have the 13 depositions before he can file his adversary proceeding.

The debtor then filed a "MOTION FOR DEFINITION OF TERMS AND WORDS." In this motion, the debtor requests that the Court require the IRS to supply him definitions for approximately 45 terms and/or words. The debtor asserts that until he

has a complete understanding of these terms and/or words, he will not understand the documents filed in the case.

The debtor has applied for a Court appointed expert in his "MOTION FOR COURT APPOINTED EXPERTS UNDER FEDERAL RULES OF EVIDENCE RULE 706." In this pleading, the debtor requests a language expert to assist in the definition of the words and terms listed in the "MOTION FOR DEFINITION OF TERMS AND WORDS." He further wants a panel of experts to advise the Court on "the Internal Revenue Code, the Code of Federal Regulations, the implementation of the tax laws into the Internal Revenue Manuals and the operation and procedures used by the Internal Revenue Service agency to determine liability for taxes.

Succinctly stated, the debtor's pleadings and his oral arguments in their support belie the debtor's assertions that he desires to reorganize. The Court believes that the debtor intends to delay, for as long as possible, the effect of the levy upon his property. He does not seek judicial determination, he seeks to embog the judicial process in a morass of frivolous pleadings and argument. The fact that his adversary is the Internal Revenue Service is of no consequence. A creditor whose rights are wrongfully delayed by a bankruptcy filing suffers damages and constitutes an abuse of the bankruptcy system.

Furthermore, the debtor's obvious purpose is to challenge various statutory provisions of the Internal Revenue Code and the regulations promulgated thereunder. Section 28 U.S.C. 157(d) places the jurisdiction for consideration of non-bankruptcy laws in the district court. Consequently, even if this Court were to allow the bankruptcy case to proceed, the decisions the debtor requests should be rendered by the district court.

The additional findings made herein are made in accordance with the debtor's motion. The Court's opinion that the bankruptcy petition should be dismissed is unchanged. The petition was not filed in

---

**2.** *See* Appendix for a list of pleadings and a summary of the requests contained therein.

good faith and this case shall remain dismissed and it is **SO ORDERED.**

## APPENDIX

| Date | Pleading |
|------|----------|
| 7/20/92 | DEPOSITION BEFORE ACTION UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 27(a) |

In this pleading, the petitioner requested the Court to authorize the taking of depositions of 13 persons employed by the IRS. The subject matter of the action to be taken was the validity of a lien and levy against the petitioner.

| Date | Pleading |
|------|----------|
| 8/10/92 | MOTION TO STAY COLLECTION FOR VIOLATION OF AUTOMATIC STAY AND FOR CONTEMPT SANCTIONS |

This motion was directed to the IRS for not releasing the levy on the ERISA Retirement Benefit.

| 8/19/92 | NOTICE OF REQUIREMENT UNDER FEDERAL RULES OF EVIDENCE RULE 106 IN HEARING ON F.R.C.P. RULE 27 |
|---|---|

In this pleading, the debtor sought to require that all evidence be produced as stated in FRE 106

| 8/20/92 | ADDITION TO NOTICE OF REQUIREMENT UNDER FEDERAL RULES OF EVIDENCE RULE 106 IN HEARING ON F.R.C.P. RULE 27 |
|---|---|

In this pleading, the debtor sought to have all evidence to be used at the hearing produced under FRE 106 for his inspection.

| 8/25/92 | OBJECTION TO THE UNITED STATES OF AMERICA'S RESPONSE TO DEBTOR'S MOTION TO STAY COLLECTION FOR VIOLATION OF AUTOMATIC STAY AND FOR CONTEMPT CITATIONS |
|---|---|

In this pleading, the debtor objects to the response filed by the IRS.

| 11/6/92 | MOTION TO DELAY FILING OF PLAN PENDING FINDINGS OF FACTS IN ADVERSARIAL PROCEEDING |
|---|---|

In this pleading, the debtor requests that he be allowed to delay the filing of his plan until an adversary proceeding is decided.

| 11/9/92 | MOTION FOR DEFINITION OF TERMS AND WORDS |
|---|---|

In this pleading, the debtor seeks definitions for approximately 45 words or terms.

| 11/9/92 | MOTION IN LIMINE |
|---|---|

In this pleading, the debtor attempts to exclude certain evidence.

| 11/9/92 | MOTION FOR COURT APPOINTED EXPERTS UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 706 |
|---|---|

In this pleading, the debtor seeks to have the Court appoint an expert in tax laws, their operation and implementation.

| 11/9/92 | MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS |
|---|---|

In this pleading, the debtor seeks judicial notice of certain laws, cases, newspaper articles and other factual data.

| 11/9/92 | MOTION FOR REMAINDER OF OR RELATED WRITINGS OR RECORDED STATEMENTS UNDER FEDERAL RULES OF EVIDENCE 106 |
|---|---|

In this pleading, the debtor wants documents used in determining any claim against him.

| 11/18/92 | MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS OF FACT PURSUANT TO RULE 7052(b) |
|---|---|
| 11/20/92 | MOTION FOR STAY PENDING APPEAL UNDER RULE 8005 |
| 11/23/92 | MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 9023 |
| 12/24/92 | DECLARATION AND NOTICE TO COURT OF DEBTOR'S RIGHT TO BANKRUPTCY ADJUDICATION AND NOTICE OF |

| Date | Pleading |
|------|----------|
| | VIOLATION OF FEDERAL LAW |
| 12/29/92 | MOTION TO STAY ACTION PENDING RECEIPT FOR TAXES PURSUANT TO INTERNAL REVENUE CODE SECTION 6314 |

In this pleading, the debtor requests that all action in his bankruptcy case be stayed until he receives his requested receipt for all taxes collected for the years 1983 through 1992.