In re Catherine Duffy **PETIT**, Debtor.

**Bankruptcy No. 93–20821.**

United States Bankruptcy Court,
D. Maine.

Oct. 27, 1995.

Stephen F. Gordon, Gordon & Wise, Boston, MA, for Debtor.

Peter C. Fessenden, Chapter 11 Trustee, Brunswick, ME.

Gerrard F. Kelley, Office of the U.S. Trustee, Portland, ME.

*ORDER DENYING APPROVAL OF DEBTOR'S FIFTH AMENDED DISCLOSURE STATEMENT, AND SUA SPONTE ORDER CONVERTING CASE TO CHAPTER 7*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court are: (1) the Debtor's Fifth Amended Disclosure Statement; and (2) her Response to this Court's Order to Show Cause why the case should not be converted to Chapter 7. This, and all of the Debtor's previously filed plans have depended entirely upon the anticipated recovery from a pending action against Key Bank, as the source of funding for this reorganization that has steadily deteriorated as the Debtor's

cause of action continues to be dismembered in the State Court.

Although the Key Bank claim has always been a very nebulous asset, early on in the case it was at least a pending lawsuit in the Maine Superior Court. Over time, however, *all* counts of the Key Bank complaint have either been dismissed or disposed of on summary judgment, with no reasonable expectation that the lower Court's actions will be reversed on appeal.

■ While the funding of a plan is usually a consideration that is reserved for confirmation, we have on occasion ruled that "it is proper to consider and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face." *In re Main Road Properties, Inc.,* 144 B.R. 217, 219 (Bankr.D.R.I.1992); *see also In re Eastern Maine Elec. Coop., Inc.,* 125 B.R. 329, 333 (Bankr.D.Me.1991).

■ The current plan proposes to pay creditors thirty percent of the gross recovery from the Key Bank lawsuit. Speculating on what that amount might be, the Debtor states "[t]he amount that might be recovered from any of the litigation brought by the Debtor is difficult to predict. At least one expert supports the view that her damages are in excess of $30 million." (Fifth Amended Disclosure Statement, at 13.) It is by dangling so many zeroes before creditors who have nothing else to lose, that the Debtor has been able to maintain their continuing support of her unrealistic reorganization efforts. It is a fact of life, however, that while there is no statutory requirement that creditors be realistic or reasonable in their expectations of success, the Court does not enjoy such latitude, and neither may we permit the Debtor to fantasize indefinitely.

The real world status of the Key Bank lawsuit is as follows: (1) four counts of the Debtor's complaint against Key Bank have previously been dismissed by the Maine Superior Court; (2) the Order of Dismissal was affirmed by the Maine Supreme Judicial

Court on December 27, 1993; and (3) the Maine Superior Court, on May 4, 1995, granted Key Bank's Motion for Summary Judgment on the last remaining count of the complaint, leaving nothing to litigate in the Superior Court. Only the Count V summary judgment issue is still pending, in the Maine Supreme Judicial Court.

■ The Debtor contends, and the creditors, the Trustee, and the U.S. Trustee all seem to agree that the one issue still remaining on appeal should keep the reorganization alive, but we could not disagree more.[1] This Court has recently held that:

> "such success on appeal" ... Chapter 11 cases [cannot be permitted] to remain motionless and without time limitation in the Bankruptcy Court, while issues are litigated and appeals exhausted in other courts. We think that was never the intent of the Code drafters, or of their finished product. *See In re Mother Hubbard, Inc.,* 152 B.R. 189, 195 (Bankr.W.D.Mich.1993)....; *In re River Bend–Oxford Assocs.,* 114 B.R. 111, 114 (Bankr.D.Md.1990) (Section 1121 "furthers the purpose of a rehabilitation, while recognizing that Chapter 11 is not a mechanism through which a debtor may operate indefinitely without attempting to reorganize").

*Williams v. United States (In re Williams),* 181 B.R. 1, 6 (Bankr.D.R.I.1995).

Making the same point, the Fifth Circuit Court of Appeals has stated:

> Section 1112(b) clearly provides the bankruptcy court with the requisite authority to terminate a Chapter 11 case based on a showing of unreasonable delay, or continuing losses coupled with the absence of a reasonable likelihood of rehabilitation, or inability to effectuate a plan of reorganization. The inquiry under § 1112 is case-specific, focusing on the circumstances of each debtor, however, *a plan of reorganization can be effectuated, if at all, within a matter of months, not years.*

*United Sav. Ass'n v. Timbers (In re Timbers),* 808 F.2d 363, 371–72 (5th Cir.1987),

---

**1.** The Debtor has not (and indeed cannot) give any time estimates in her disclosure statement, but it is clear that it would take years to prosecute her last remaining appeal, and *if* successful, then have a trial on the merits of Count V. Should the Debtor ever obtain a money judgment against Key Bank, she is certain to face further appeals.

*aff'd*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) (emphasis added, with the acknowledgment that if this case were pending in the Fifth Circuit, it would have been dismissed or converted long ago).

Based upon the entire record in this case, there is no reasonable basis upon which the Debtor's Fifth Amended Disclosure Statement can be approved, and we must also conclude that any plan proposed in conjunction with said disclosure statement would be unconfirmable. Therefore, in light of this Debtor's demonstrated inability to propose a plan based upon a reasonable likelihood of rehabilitation, and recalling the credibility and good faith questions that have pervaded the case from its inception, this 1993 "reorganization," so-called, is converted, *sua sponte*, to a case under Chapter 7, pursuant to 11 U.S.C. §§ 1112(b)(2), (3), (4), (5), and 105(a). *See* 11 U.S.C. § 105(a) [2]; *In re Pedro Abich, Inc.*, 165 B.R. 5, 7–8 (D.P.R.1994) (holding that "section [105(a) ] overrides the requirement of section 1112(b) that a party in interest or the trustee request a dismissal or conversion."); *Finney v. Smith (In re Finney)*, 992 F.2d 43, 45 (4th Cir.1993); *In re Erchak*, 152 B.R. 68, 71 (Bankr.N.D.W.Va. 1993); *In re 266 Washington Assocs.*, 141 B.R. 275, 288–89 (Bankr.E.D.N.Y.1992), *aff'd*, 147 B.R. 827 (E.D.N.Y.1992).

 In anticipation of the Debtor's complaint that she has not received adequate notice and opportunity for hearing on the issue of conversion, we would respond as follows. The requirement of notice and a hearing is defined by § 102 which provides for "such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). This standard has clearly been met in this case, considering that the Debtor has been subjected to two prior orders to show cause why the case should not be converted to Chapter 7. The first show cause order was issued on June 2, 1995, and the second on September 15, 1995. The first show cause hearing was held on June 9, 1995, and continued to June 29, 1995, when the Debtor presented her Third Amended Plan. At the conclusion of the June 29, 1995 hearing, the Court continued the Order to Show Cause generally, vacated its Order Approving the Fourth Amended Disclosure Statement, ordered the filing, forthwith, of a Fifth Amended Disclosure Statement, and ruled that it would address the Order to Show Cause at the hearing on approval of the Fifth Amended Disclosure Statement. It was because the Debtor had not filed an amended disclosure statement in the two months following the June 29, 1995 hearing, that the Court issued its Second Show Cause Order. Based upon the entire record, the Debtor has had ample opportunity to address the issue of conversion, and clearly has failed to show cause why the case should not be converted. The fact that, if polled, creditors, the Trustee, *and* the U.S. Trustee would unanimously align themselves with the Debtor is irrelevant, at this point, to the action required to be taken by the Court.

Accordingly, the case is converted to one under Chapter 7,[3] and a Trustee should be appointed forthwith, with instructions to proceed with the investigation, prosecution (if appropriate), and recovery of preferences, fraudulent transfers, and/or any other causes of action that constitute property of the estate. *See Petit v. New England Mortgage Servs., Inc.*, 182 B.R. 64 (D.Me.1995). The

---

**2.** This Section provides in part:
No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
11 U.S.C. § 105(a).

**3.** On November 29, 1994, we sustained the Trustee's objection to the Debtor's claimed exemption in the Key Bank law suit and other causes of action, that Order has been affirmed by the Dis-

trict Court, *see In re Petit,* 174 B.R. 868 (Bankr. D.Me.1994), *aff'd,* 182 B.R. 59 (D.Me.1995), and until reversed by the First Circuit Court of Appeals, is the law of the case. In the event that our skepticism about the viability of the Key bank claim is unfounded, and if the Debtor is successful in getting her Count V reinstated, and if she is still willing and able to prosecute and to finance the litigation, we would, of course, be most receptive to a motion by the Debtor, or the Trustee, or creditors to reconvert the case back to Chapter 11.

age of the case should be a factor when considering the scheduling of pending matters and litigation herein.[4]

Finally, on October 24, 1995, the date that this Decision and Order was to be filed, we received the Debtor's Motion for Expedited Hearing on Fifth Amended Disclosure Statement, and argument in support thereof. Nothing contained in the Motion warrants any change in the Decision.

If the Debtor elects to appeal this Decision, and in light of the exigency of the situation portrayed in her most recently filed motion, we will consider that Ms. Petit has filed a motion for stay pending appeal, and DENY the same,[5] thereby clearing the way for the Debtor to seek appropriate relief in the District Court.

Enter Judgment consistent with this Order.

---

**4.** Creditors and fiduciaries should be aware of statutes of limitation on malpractice and fraudulent conveyance causes of action, etc., and to preserve such potential estate assets by filing necessary pleadings in a timely fashion.

**5.** *See* Fed.R.Bankr.P. 8005.