James E. **WHARTON**, Appellant,

v.

**INTERNAL REVENUE SERVICE**, Appellee.

Action No. 4:96cv106.

United States District Court, E.D. Virginia, Newport News Division.

May 7, 1997.

Beril Macy Abraham, Goldblatt, Lipkin & Cohen, Norfolk, VA, for Appellant.

Gregory D. Stefan, United States Attorney's Office, Norfolk, VA, Debera F. Conlon, Robert Breen Van Arsdale, Anastasia Petrou Kezman, Office of the U.S. Trustee, Norfolk, VA, for Appellee.

## OPINION AND ORDER

MacKenzie, District Judge.

This matter comes before the Court on appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia, dated July 10, 1996, dismissing James Wharton's ("Appellant's") Chapter 11 petition. Finding that the dismissal of the petition was not clearly erroneous, the decision of the Bankruptcy Court is **AFFIRMED.**

### I.

The ongoing dispute, ultimately leading to this appeal, began in November of 1991 when Appellant filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. That case was subsequently converted into a Chapter 7 filing wherein Appellant received a discharge from all debts except for amounts owing to the United States pursuant to 26 U.S.C. § 6672. The amounts owed consisted of penalties for non-payment of withholding taxes and were not dischargeable under 11 U.S.C. § 523(a)(1)(A) and 11 U.S.C. § 507(a)(8)(C).

Appellant filed his second Chapter 11 petition on March 30, 1995 listing the Internal Revenue Service as his lone creditor. Appellant filed a plan for reorganization claiming that an offer of compromise would be provided to the IRS. Both the IRS and the United States Trustee objected to the confirmation of this plan. The IRS had previously stated that it would not compromise the claim against the Appellant. Because the possibility of compromise was, at best, highly speculative, the Bankruptcy Court refused to confirm the plan by order dated November 15, 1995. Appellant's second bankruptcy petition was dismissed on November 21, 1995.

On February 23, 1996, Appellant filed his third petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Therein, Appellant listed the IRS as his sole creditor to the extent of $723,468.92 and $65,846.76. On April 16, 1996, Appellant again filed a proposed plan for reorganization. However, this plan was identical to the plan filed in Appellant's second Chapter 11 petition. It simply reissued the previously proposed offer to the IRS, to which the IRS continued to object.

Accordingly, on May 7, 1996, the IRS filed a motion to dismiss the petition. The United States Trustee also filed a motion to dismiss

or, in the alternative, convert the case to a Chapter 7 proceeding. A hearing took place on June 14, 1996 before the Honorable David H. Adams, United States Bankruptcy Judge. Appellant claims that at this hearing Judge Adams refused to accept any evidence in the matter or to hear testimony. Nonetheless, Judge Adams dismissed the action on this date and signed an order of dismissal submitted by the IRS on July, 10, 1996.

On appeal, Appellant argues that the bankruptcy court erred in dismissing the Chapter 11 petition because evidence was not accepted and no findings as to subjective bad faith were made.

## II.

It is firmly established within the Fourth Circuit that a Chapter 11 petition may be dismissed for cause, pursuant to 11 U.S.C. § 1112(b), if the debtor lacked good faith when filing. *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir.1989). However, a two-prong test must be satisfied before a petition may properly be dismissed as a bad faith filing. *Id.* at 700–01. First, the objective futility of any possible reorganization must be shown. *Id.* at 700. Next, the debtor must have filed the petition with "subjective bad faith." *Id.* at 701. Either one, without the other, is insufficient to warrant dismissal. *Id.*

When considering whether both prongs of *Carolin* test have been satisfied it is important to note the purpose behind each requirement. The objective futility requirement is to "insure that there is embodied in the petition 'some relation to the statutory objective of resuscitating a financially troubled [debtor],'" and the court's inquiry should focus on whether there is any hope of rehabilitation. *Id.* The subjective bad faith requirement insures that the petitioner's motivation is to "reorganize or rehabilitate" and not "to abuse the reorganization process" in an attempt to cause hardship or delay to creditors. *Id.* at 702.

On appeal, Wharton argues that in order to make the findings necessary to satisfy

*Carolin* the bankruptcy court would have had to receive evidence and hear testimony when considering the IRS's motion to dismiss. In support, Appellant relies on the *Carolin* court's admonition that the power to dismiss a petition is to be exercised "with great care and caution." *Id.* at 700. Appellant argues that this language requires an examination of evidence and proffered testimony during a hearing, and a dismissal without such an evidentiary proceeding is contrary to the mandates of *Carolin.*

## III.

It is well established that a bankruptcy court's finding that a debtor filed their petition in bad faith is one of fact and is therefore subject only to a "clearly erroneous" standard of review. *Carolin*, 886 F.2d at 702 (citations omitted). Accordingly, this Court now determines whether the bankruptcy court's dismissal of Appellant's petition rose to such a degree of error.

## A.

■ First, with regard to the objective futility prong of the *Carolin* test, the record establishes that at the time of dismissal there was little to no hope of rehabilitation for Appellant's debt. Appellant had one creditor at the time of filing, the Internal Revenue Service, to whom he owed an outstanding balance of close to $800,000. The financial realities surrounding his most recent petition apparently mirrored the situation when Appellant filed his 1995 Chapter 11 petition.[1] And once again, Appellant filed a proposed offer of settlement identical to the one previously dismissed despite the continuing objections of the IRS.

Indeed, Appellant's tax obligation, Appellant's sole debt as listed in the petition, was non-dischargeable and had to be paid, in full, within a six-year period. *See* 11 U.S.C. § 1129(a)(9)(C). Appellant admitted previously that he is unable to satisfy the entire debt and no evidence has surfaced that these circumstances changed in any material way

---

1. As previously noted, accompanying the second petition for relief was a proposed offer of settlement that was objected to by the IRS. For this reason, the plan was denied confirmation and Appellant's second petition ultimately dismissed.

in the time since Appellant's previous petition was dismissed for failure to confirm a plan for reorganization. In light of the IRS's continuing objections to Appellant's proposed offer of settlement the objective futility of the plan was clear from the time it was filed.[2] Accordingly, this Court cannot say it was "clearly erroneous" for the bankruptcy court to conclude that the similarities between the previously rejected plan and the most recent plan rendered it objectively futile, thus satisfying the first prong of a bad faith filing.

**B.**

With regard to the "subjective bad faith" requirement from *Carolin*, several courts have concluded that "bad faith" is not limited to situations where a debtor uses bankruptcy petitions to thwart pending foreclosure sales. In fact, some have found "subjective bad faith" where a debtor uses bankruptcy petitions to forestall the collection of taxes. *See In re Erchak*, 152 B.R. 68 (Bankr.N.D.W.Va.1993); *In re Steiner*, 139 B.R. 356 (Bankr.D.Md.1992); *In re Fooks*, 139 B.R. 623 (Bankr.D.Md.1992). The similarities between the foregoing and the case at bar warrant the same conclusion in this Court.

In *In re Erchak*, the court dealt squarely with the issue of what constitutes "subjective bad faith." After acknowledging that the question of bad faith is more difficult when dealing with a non-business debtor, the court dismissed the debtor's petition for lack of good faith. In support of dismissal, the court cited debtor's lack of both an ability and a desire to reorganize. *Id.* at 71–72. Additionally, in *In re Steiner*, the court found dismissal proper in light of the futility of reorganization and the debtor's admissions that the sole purpose behind the filing was to delay tax enforcement and prevent seizure of the debtor's property. *Id.* at 358. In light of the similarities between the foregoing authority and the case at bar, this Court holds that it was not "clearly erroneous" for the bankruptcy court to find that Appellant's petition was filed with "subjective bad faith,"

thus satisfying the second *Carolin* prong and justifying dismissal.

Of particular note to this Court is the fact that the court's finding of bad faith in *In re Erchak* was based upon "the debtor's pleadings and his oral arguments in their support." *Id.* at 72. Appellant has argued that dismissal of his petition was improper under *Carolin* because the bankruptcy court refused to take evidence and hear testimony, without which any findings of "bad faith" were rendered unsupportable. However, the court in *Erchak* found that debtor's pleadings, on their own, evidenced a lack of desire to reorganize. Contrary to the purpose of reorganization, the court in *Erchak* found that the debtor's petition and the pleadings supporting it sought only to wrongfully delay the effects of the IRS's levy on his property. *Id.* Similarly, this Court finds that Appellant's filing of a reorganization plan identical to a previously unsuccessful offer of settlement, as well as his sworn testimony that he is unable to satisfy the IRS's claim, evidence an improper purpose behind Appellant's petition. Accordingly, the bankruptcy court's decision to dismiss was supported solely by the pleadings and procedural posture of the case, with no need for further evidence or testimony.

**IV.**

In light of the foregoing, this Court does not find that the decision of the bankruptcy court to dismiss Appellant's petition as a bad faith filing was "clearly erroneous." Accordingly, the Order of Dismissal entered by the bankruptcy court July 10, 1996 is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

---

**2.** In fact, at least one court has suggested that successful reorganization under Chapter 11 can never be predicated on a two-party dispute over a single debt. *See In re Steiner*, 139 B.R. 356, 358 (Bankr.D.Md.1992).