**In re The MIRACLE CHURCH OF GOD IN CHRIST, Debtor.**

**Bankruptcy No. 90–4485–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 13, 1990.

Michael A. Steinberg, Tampa, Fla., for debtor.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion To Dismiss the above-captioned Chapter 11 case for "cause" pursuant to 11 U.S.C. § 1112(b) filed by the United States Trustee. The undisputed facts relevant to

the resolution of this matter and as appear from the record are as follows:

The Debtor, the Miracle Church of God in Christ (Debtor), is an unincorporated, not-for-profit religious association, which filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 10, 1990. It is undisputed that all unsecured or priority creditors, with the exception of the Pasco County Tax Collector having a claim of $345, are insiders of the Debtor. In addition, the Debtor has only one secured creditor, Southside Church of Christ (Southside Church), who has a mortgage on the Debtor's real property which is also its only significant asset. There is no dispute that the Debtor filed its Petition only to halt Southside Church's foreclosure sale of the real property scheduled for May 11, 1990. Furthermore, no monthly reports, plan of reorganization or disclosure statement have, as of yet, been filed by the Debtor. Neither has the Debtor paid any of the quarterly fees due to the Office of the United States Trustee. Based on the foregoing facts, it is the U.S. Trustee's contention that the Petition was filed in bad faith, that this Debtor's conduct evidences an inability to effectuate a plan of reorganization, and finally, that unreasonable delay of the Debtor which is prejudicial to creditors warrants a dismissal of this Chapter 11 case.

■ Before considering whether dismissal of this case is warranted, based on contentions advanced by the U.S. Trustee as to the legal character of the Debtor, it appears that the eligibility of the Debtor under Chapter 11 of the Bankruptcy Code is a threshold question. Section 109(d) of the Bankruptcy Code sets forth that with a few exceptions, "any person" may be a debtor under Chapter 11 of the Code. In turn, under Section 101(35) of the Code, the term "person" is defined as including any "individual, partnership, and corporation...." Finally, the Code's broad definition of the term "corporation"

(A) includes—
(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

.     .     .     .     .

or

(iv) unincorporated company or association....

11 U.S.C. § 101(8).

In applying the above definitions to the Debtor in this case, it becomes apparent that the Debtor falls within the definition of a corporation, notwithstanding that it is an unincorporated association, and is thus eligible for relief under Chapter 11. The fact that the Church is a not-for-profit association does not detract from its eligibility to become a debtor. In *Highway & City Freight Drivers, Dockmen and Helpers, Local Union No. 600 v. Gordon Transports, Inc.*, 576 F.2d 1285 (8th Cir.1978), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 678 (1978), the Court held that the fact that the Debtor was not a "moneyed, business or commercial corporation" was not relevant in determining whether the entity was qualified to file a voluntary bankruptcy Petition. Accordingly, the court recognized that "charitable and eleemosynary unincorporated groups" are within the definition of "corporation" and thus, may file a voluntary Petition. *Id.* at 1291.

In addition, several other courts have found an unincorporated church or other such organization to be eligible to become a debtor in a bankruptcy case. *See Provident Mutual Life Insurance Co. of Philadelphia v. University Evangelical Lutheran Church of Seattle*, 90 F.2d 992 (9th Cir.1937); *In re Philadelphia Consistory Sublime Princes Royal Secret 32 Ancient Accepted Scottish Rite*, 40 F.Supp. 645 (E.D.Pa.1941); *In re Sanders*, 91 B.R. 317 (Bankr.E.D.Pa.1988); *In re United Church of the Ministers of God*, 84 B.R. 50 (Bankr. E.D.Pa.1988). It is therefore settled that the Debtor falls within the definition of an "unincorporated association" and, hence, is eligible to become a debtor.

Despite the foregoing, the issue still remains as to whether the Debtor is entitled to continue to enjoy the protections of the Bankruptcy Court. Under Section 1112(b) of the Code, it is clear that this Court may,

upon request of a party in interest, the U.S. Trustee, or upon its own motion, dismiss a debtor's Chapter 11 case. The Section requires that the dismissal be "for cause" which has been consistently construed to include, in addition to the ten specifically enumerated grounds for dismissal, lack of filing in good faith. *In re Phoenix Piccadilly*, 849 F.2d 1393 (11th Cir.1988); *In re Natural Land Corp.*, 825 F.2d 296 (11th Cir.1987); *In re Albany Partners*, 749 F.2d 670 (11th Cir.1984).

This requirement of good faith has been implied by courts in order to prevent abuse of the bankruptcy laws as well as to protect the jurisdictional integrity of the bankruptcy courts. *In re American Property Corp.*, 44 B.R. 180, 182 (Bankr.M.D.Fla.1984). It guards against the misuse and manipulation of the bankruptcy remedies, thus ensuring that debtors only use the protections of the Bankruptcy Code in order to further legitimate goals and objectives. *Id.* Thus, this standard of good faith is implicit in every stage of a bankruptcy case. *Matter of Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986).

In determining whether good faith is lacking in a debtor's filing and thus, whether his case may be dismissed, the court must examine all surrounding circumstances of the debtor's case. *In re Sarasota Plaza Associates, Ltd. Partnership*, 102 B.R. 257 (Bankr.M.D.Fla.1989). Hence, no single factor will conclusively establish good faith or a lack thereof. Rather, the existence of many elements indicative of such a finding will be regarded as persuasive, as will the Debtor's *need* and *ability* to reorganize. *Id.*

Lack of good faith is clearly shown by evidence of a debtor seeking to use the provisions of the Bankruptcy Code in order to "hold a single asset 'hostage' in order to speculate that such asset may increase in value in order to recover its original value at the creditors's risk." *In re American Property*, 44 B.R. at 182. Other factors indicative of bad faith include the lack of any employees except for the principals, a lack of or little cash flow into the debtor

and that the case essentially involves only a two-party dispute. Lastly, the fact that the Debtor filed his petition on the eve of foreclosure sale, and the absence of any unsecured creditors or a nominal amount of unsecured debt are clearly indicative of a lack of good faith of the Debtor. *In re Little Creek Development Co., supra; In re Mildevco, Inc.*, 40 B.R. 191 (Bankr.S.D. Fla.1984); *In re FJD, Inc.*, 24 B.R. 138 (Bankr.D.Nev.1982).

In applying the foregoing factors to the case at hand, there is hardly any doubt that the Debtor has filed its Petition in bad faith. The Debtor has only one significant asset, a tract of real property which is encumbered by a mortgage held by its only secured creditor. In addition, the Debtor has as of yet failed to file any plan of reorganization, disclosure statement, monthly reports, or anything at all for that matter to show an honest intent to reorganize. It has no unsecured creditors, except for the Reverend of the Debtor and his daughter. The Debtor has no income with which to effectuate a plan should it ever file one. This case is essentially a two-party dispute between the Debtor and its one secured creditor which, when examined as a whole, clearly evinces a bad faith filing. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the U.S. Trustee's Motion To Dismiss filed in the above-captioned Chapter 11 case be, and the same is hereby, granted, and the above-captioned Chapter 11 case be, and the same is hereby, dismissed.

DONE AND ORDERED.