**PLYWOOD PANELS, INC.**

v.

**M/V THALIA, et al.**

No. 91–2116.

United States District Court,
E.D. Louisiana.

April 13, 1992.

Francis A. Courtenay, Jr., Donald J. Volpi, Jr., Courtenay, Forstall, Guilbault, Hunter & Fontana, New Orleans, La., for plaintiff.

Christopher Ogilvie Davis, Mary Bethany Jackson, Phelps Dunbar, New Orleans, La., for defendants.

## ORDER AND REASONS

ARCENEAUX, District Judge.

This court previously ordered the parties to show cause why Civil Action No. 91–4481 should not be remanded to the U.S. District Court for the Central District of California. In addition, defendant Hyundai Merchant Marine Co., Ltd. ("Hyundai") filed a motion on March 23, 1992, for leave to file a third-party complaint and a motion on March 31, 1992, for leave to file an amended and supplemental third-party complaint. Having reviewed the memoranda submitted by the parties and having discussed this matter with counsel, the court now rules in accordance with the applicable law.

## BACKGROUND

Plaintiff Plywood Panels, Inc. ("PPI") filed Civil Action No. 91–2116 in this court on June 6, 1991. In its complaint, PPI requests relief for damages allegedly caused by Hyundai and its vessels to plywood cargoes shipped to the United States. The damage to the cargoes allegedly occurred during some forty-four voyages from Indonesian ports.

PPI also filed similar actions against Hyundai in federal district courts located in

Virginia and California. According to counsel, the Virginia case has been tried already but no decision has been rendered. The California action, however, has been transferred to this court and placed on the docket as Civil Action No. 91–4481.

PPI commenced the California action on June 6, 1991—the same date of filing as its action in this court. Civil Action No. 91–4481 involves approximately fifty voyages between Indonesian ports and Los Angeles. Defendant Hyundai initially moved the California federal court on October 9, 1991, to transfer this action to the U.S. District Court for the Eastern District of Louisiana. The district judge granted Hyundai's motion in an order dated November 12, 1991, but provided no written reasons for his ruling.

The issue of proper venue came to the court's attention upon the filing of defendant's motion for leave to file its third-party complaints. The court, upon review of these motions, found that many of the third-party defendants had questionable contacts with Louisiana. Furthermore, a review of the record in Civil Action No. 91–4481 put into question the proper venue for that action.

The court, therefore, ordered briefing from the parties to address these issues. In addition, the court held a status conference with counsel to further discuss these matters. The court now addresses the issue of venue and the defendant's motions on the merits.

### DISCUSSION

#### 1. Improper Venue

This court clearly may raise proper venue *sua sponte* but also recognizes the limited circumstances under which it may review the transfer order of another district court. This court's retention of Civil Action No. 91–4481, however, would result in a manifest injustice and, consequently, it must be remanded.

■ The jurisprudence permits a court to raise the issue of venue and to transfer a cause of action on its own motion. *See Mills v. Beech Aircraft Corp.*, 886 F.2d

758, 761 (5th Cir.1989); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528–29 (5th Cir.1988). In general, a transferee court, however, should not review the transferor court's order

"except under the most impelling and unusual circumstances" or if the transfer order is "manifestly erroneous." ... Failure to abide the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts.

It does not follow, however, that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event.... When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order.

*In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir.1983) (citations omitted); *see United States v. Koenig*, 290 F.2d 166, 173–74 n. 11 (5th Cir.1961), *aff'd*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). In this case, the court questions the transferor court's reasons for sending this action here and finds that Hyundai's motions to file third-party complaints have raised events unanticipated at the time of transfer.

■ The federal change of venue statute provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The U.S. Supreme Court in *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), discussed the construction of this statute and stated:

Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus, ... the purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense...." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice.

*Id.* at 616, 84 S.Ct. at 809 (citations and footnotes omitted). Under this standard, the court finds that the transferor court committed a manifest error in granting the defendant's transfer motion.

The court first notes that Civil Action No. 91–4481 involves some fifty voyages where vessels discharged cargoes in Los Angeles. Thus, the stevedores and other witnesses who attended these discharges all will be found in Los Angeles and outside the subpoena power of this court. Furthermore, both the plaintiff and the defendant maintain offices and presumably the documentation relating to these voyages in the Central District of California. Finally, this court recognizes the efforts that plaintiff took to bring its causes of action in the venues most proper for their adjudication. Such choice and the investigatory work preceding it should not be lightly disturbed.

The defendant's third-party complaints also compel this court to remand this action as an unanticipated event relative to proper venue. The complaints primarily seek to bring some thirty-four Indonesian shippers into this action. These shippers allegedly provided the subject plywood and assumed responsibility for loading Hyundai's vessels while in Indonesian ports. In addition, Hyundai asserts that all the shippers provided letters of indemnity to it establishing a "free in" arrangement whereby they agreed to assume responsibility for improper loading and stowage of cargoes.

The court, even assuming Hyundai's allegations to be true, finds the potential exer-

cise of personal jurisdiction over most of these shippers to be disturbing and to offend traditional notions of fair play and justice. In reviewing the documentation provided by Hyundai in support of the third-party complaints, the court finds that either no documentation exists or no discharges took place in New Orleans for some twenty-three of these potential third-party defendants. Thus, even if the court were to accept the arguable contention that personal jurisdiction may exist over a shipper because of one discharge of cargo in New Orleans, Hyundai fails to satisfy such contention as to the majority of these defendants.

The California federal court clearly did not consider the issues implicit in Hyundai's third-party complaints. Such consideration might have weighed against transfer because of these jurisdictional issues. Consequently, this court finds it proper to transfer this action back as it now stands rather than wait for Indonesian shippers that have no arguable connection to this forum to contest personal jurisdiction.

The court, therefore, concludes that a manifest error and injustice has occurred in allowing Civil Action No. 91–4481 to be transferred here. Furthermore, subsequent events have raised unanticipated issues best addressed by remanding these actions. The court next turns to the motions for leave to file the third-party complaints.

### 2. The Third–Party Complaints

■ Defendant Hyundai has filed two motions seeking the court's leave to file third-party complaints. Having considered the court's transfer of Civil Action No. 91–4481 back to the California federal court and the substantive contents of these complaints, the court finds the defendant's motions to be without merit.

Rule 14 of the Federal Rules of Civil Procedure governs third-party complaints and the jurisprudence supplied by Hyundai in its memorandum supporting these complaints presents an arguable legal basis for its third-party claims. The court, however, finds that the exercise of personal jurisdiction over most of the third-party defen-

dants to be unsupported by the record. As noted previously, only eleven of the thirty-four third-party defendants named have any connection with this forum.

Prescription issues also have weighed in this court's consideration of Hyundai's complaints. While counsel have represented that the present parties reached a prior agreement concerning prescription of claims, the court does not understand this agreement to extend to the third-party defendants. The voyages at issue took place beginning in 1987. Hyundai, therefore, may have allowed its third-party claims against the shippers to prescribe.

The potential prejudice and delay to an adjudication on the merits that may result from allowing Hyundai's third-party complaints militate against allowing them in their present form. PPI filed this action in June 1991 and served the complaint on June 24, 1991. Hyundai waited until October 1991 to answer and, furthermore, until March 1992 to bring in third-party defendants. While plaintiff's counsel has been gracious in not defaulting Hyundai nor opposing the defendant's motions for leave, the court must control its docket and ensure that cases proceed efficiently toward adjudication on the merits.

The motions for leave to file the third-party complaints, therefore, will not be granted at this time. The court finds that no *prima facie* basis exists for exercise of personal jurisdiction over most of the third-party defendants. Furthermore, even if a *prima facie* basis existed, the prejudice and delay to an adjudication on the merits weighs against allowing these third-party complaints to be filed.

### CONCLUSION

The court, for the reasons herein, directs that the order consolidating this action with Civil Action No. 91–4481 is hereby RE-CALLED, VACATED, and SET ASIDE and that Civil Action 91–4481 is hereby REMANDED to the U.S. District Court for the Central District of California. The court also hereby DENIES without prejudice the defendant's motions for leave to file a third-party complaint and for leave to file a first amended and supplemental third-party complaint.

Defendant Hyundai may seek reconsideration of its third-party complaint within ten days from the entry of this order. Such reconsideration, however, only will be made if Hyundai establishes (with supporting factual bases and documentation) prima facie jurisdiction over the defendants sought to be named. Failure to seek timely reconsideration will constitute a waiver of this issue by defendant.

IT IS SO ORDERED.