In re PEDRO ABICH, INC., Pedro
Abich Chaban, Debtors.

Civ. No. 92–2691 (JAF).
Bankruptcy Nos. 90–04133, 90–04134,
91–01974 and 92–01725 (ESL).

United States District Court,
D. Puerto Rico.

Feb. 25, 1994.

Edelmiro Salas–García, San Juan, PR, for debtors/appellants.

Danilo M. Eboli, Goldman Antonetti Ferraiuoli & Axtmayer, San Juan, PR, for Creditor Ponce Federal Bank.

Carlos E. Rodríguez–Quesada and Iris Y. Valentín–Juarbe, San Juan, PR, for trustee.

### OPINION AND ORDER

FUSTE, District Judge.

Appellants Pedro Abich, Inc. and Pedro Abich Chabán appeal from a final order of the United States Bankruptcy Court consolidating four bankruptcy petitions and converting three of the petitions from Chapter 11 to Chapter 7, alleging that the court acted *sua sponte*, without notice to the debtors, and without adequate cause, in violation of the Bankruptcy Code and appellants' due process rights. We affirm the conversion by the bankruptcy court.

### I.

#### Background

Pedro Abich, Inc., Pedro Abich Chabán, San Pedro Estates II, Inc., and P.A. Developers ("debtors"), each filed voluntary bankruptcy petitions in the Bankruptcy Court for the District of Puerto Rico. The first three were filed under Chapter 11 of the Bankruptcy Code, while the P.A. Developers' action was filed under Chapter 7. Pedro Abich Chabán is the sole stockholder of Pedro Abich, Inc., San Pedro Estates II, Inc., and P.A. Developers. On August 31, 1991, the debtors filed a motion for the substantive consolidation of the Chapter 11 petitions filed by Pedro Abich Chabán and Pedro Abich, Inc., which was granted at a hearing on November 4, 1991. On April 24, 1992, the debtors filed a motion to consolidate all four of the bankruptcy petitions. A hearing on the motion was set for July 6, but was canceled by the debtors. Following this, the I.R.S., as a creditor, filed a motion for dismissal or conversion to Chapter 7 under Section 1112(b)(3) of the Bankruptcy Code. Two of the other creditors, Royal Bank and Citibank, N.A., filed motions to dismiss. A hearing was held on September 24, 1992, at which time the bankruptcy court granted the motion to consolidate all four cases, and as a result converted all Chapter 11 cases to Chapter 7. The attorney for debtors, who had replaced a previous attorney since the time that the second motion to consolidate

was filed, unsuccessfully attempted to obtain a continuance the day before the September 24 hearing. As a result, the debtors were not represented at the hearing.

## II.

### *Discussion*

### A. *Standard of Review*

■ In reviewing an appeal from the bankruptcy court, the district court applies the identical standards of review that govern appeals of civil cases to appellate courts generally. *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir.1992). Accordingly, the Court will review the Bankruptcy Court's legal conclusions *de novo, id.*, and will set aside findings of fact only if it determines, after giving due regard to the Bankruptcy Court's opportunity to judge witnesses' credibility, that the findings are "clearly erroneous." Fed. Bankr.R. 8013. As in other appellate review contexts, a factual finding is "clearly erroneous" only when it leaves the appellate court "with the definite and firm conviction that a mistake has been committed." *In re The Bible Speaks*, 869 F.2d 628, 630 (1st Cir.) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)), *cert. denied, The Bible Speaks, Inc. v. Dovydenas*, 493 U.S. 816, 110 S.Ct. 67, 107 L.Ed.2d 34 (1989); *see also In re Gaudet*, 132 B.R. 670, 673 (D.R.I.1991).

■ When we scrutinize factual determinations and discretionary judgments made by a bankruptcy judge, we give considerable deference to the bankruptcy court. "Historically, bankruptcy courts have been accorded wide discretion in connection with fact-intensive matters." *In re Martin*, 817 F.2d 175, 182 (1st Cir.1987); *see also Boston and Maine Corp. v. Moore*, 776 F.2d 2, 6 (1st Cir.1985).

Appellants argue that the consolidation and conversion was carried out *sua sponte* by the court, and without providing the debtors notice or a hearing. The creditors argue that as parties in interest as defined by the Bankruptcy Code, they were entitled to move for conversion and that in any event the court has the power to act *sua sponte* to order a consolidation or conversion.

The court granted the motion for consolidation, and since one of the four cases was already a Chapter 7 case, converted the other three actions to Chapter 7, thus mooting the creditors' motions for dismissal or conversion. Since the court explicitly ruled on the debtors' motion, we will examine whether the debtors' motion was still pending or, in the alternative, whether the court had the power to carry out the consolidation and conversion on its own initiative.

■ Section 1112 of the Bankruptcy Code, 11 U.S.C. § 1112(b), provides that,

> [o]n request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause.

The term "party in interest" includes "the debtor." 11 U.S.C. § 1109. The debtors' motion for consolidation was originally scheduled for a hearing on July 6, which was canceled at the debtors' behest. Although the debtors retained new counsel before the September 24 hearing, neither the former nor the new attorney withdrew the motion for consolidation. Royal Bank submitted an urgent motion requesting a hearing to discuss pending motions filed by both the debtors and the creditors. Although the debtors, through the new counsel, opposed this motion, the court granted it and scheduled the September 24 hearing. The debtors' opposition to Royal Bank's request for the hearing makes reference to the motion for consolidation and, therefore, demonstrates that the debtors were aware that the motion filed by the previous attorney was still pending before the court.

■ Even if we were to find that the motion for consolidation was no longer pending, the court had the power to carry out the consolidation and conversion *sua sponte*. Appellants allege that the Bankruptcy Court lacked the power to consolidate and convert the petitions to Chapter 7 on its own initiative. The creditors contend that section 105 of the Bankruptcy Code grants just such

power. Section 105(a), amended in 1986, provides:

No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

This section overrides the requirement of section 1112(b) that a party in interest or the trustee request a dismissal or conversion, and allows the court to act on its own initiative to order such a remedy for cause. *Pleasant Pointe Apts. v. Kentucky Housing Corp.*, 139 B.R. 828, 831 (W.D.Ky.1992); *In re Finney*, 992 F.2d 43, 45 (4th Cir.1993). See also, *In re Hammers*, 988 F.2d 32, 35 (5th Cir.1993); 5 *Collier on Bankruptcy* § 1112.03[4] (1993). In addition to the power of conversion, "[c]ourts have consistently found the authority for substantive consolidation in the bankruptcy court's general equitable powers as set forth in ... § 105." *F.D.I.C. v. Colonial Realty Co.*, 966 F.2d 57, 59 (2d Cir.1992).

Whether the court acted *sua sponte* or on the motion of defendant, section 1112 requires notice and a hearing, which debtors claim was lacking here. The Code defines "notice and a hearing" as "such notice as is appropriate in the particular circumstance and such opportunity for a hearing as is appropriate in the particular circumstances...." 11 U.S.C. § 102. As to due process, courts have found that omissions do not rise to a constitutional violation unless they are "so grossly arbitrary and unreasonable as to be incompatible with fundamental law." *In re Huggins*, 13 B.R. 704, 706 (Bankr.D.Kan.1981).

█ We cannot find that the debtors here lacked notice or the opportunity for a hearing in violation of the Bankruptcy Code or the due process clause. The motion of Royal Bank for the September 24 hearing referred to the pending motion for consolidation. Although the actual notice of the September 24 hearing did not specifically state that the motion to consolidate would be addressed at the hearing, it did state that the court would

address the I.R.S.' motion for dismissal or conversion, as well as any "other business as may properly come before the meeting." This notice was sufficient to make the debtors aware that conversion was to be discussed at the September 24 hearing.

█ The absence of debtors' counsel and the last-minute attempt to obtain a continuance do not create a due process violation. We review a denial of a continuance for an abuse of discretion, *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 6 (1st Cir.1990), and we fail to find such an abuse here, where the attorney had known about the hearing for over a month and did not request the continuance until the day before. In sum, we find that the debtors had sufficient notice that the court would still address the pending motion for consolidation, and that the issue of conversion would also be addressed. In addition, it was within the court's discretion to deny the continuance.

█ Because the power to convert and consolidate existed, we must determine whether proper cause for the conversion existed. Whether cause for conversion exists lies within the Bankruptcy Court's sound discretion, and will not be disturbed on review absent a demonstrated abuse of discretion. *In re Vallejo*, 77 B.R. 365 (Bankr.D.P.R. 1987); *In re Santiago Vela*, 87 B.R. 229, 231 (Bankr.D.P.R.1988). Although § 1112 of the Bankruptcy Code lists several reasons that a court may proceed on a conversion of a Chapter 11 case to Chapter 7, these are not exclusive. 5 *Collier on Bankruptcy* § 1112.-03[2][d] (1993).

█ At the hearing, the judge found that the debtors were not making payments to the secured creditors, and based upon the findings and recommendations of the Examiner, determined that consolidation and the accompanying conversion would be in the best interest of the estate. The Examiner's preliminary report recommended the consolidation and orderly liquidation of Pedro Abich Chabán's various companies in order to protect the priority and unsecured creditors of the four entities. The court also noted that the debtors' reply to the Motions to Dismiss by Royal Bank and Citibank, which ex-

pressed an intent to sell the property of Pedro Ábich Chabán through an Examiner, was another consideration in favor of conversion to Chapter 7. Where a debtor's plan is a liquidation rather than a reorganization, conversion may be proper. *See Moody v. Security Pacific Business Credit, Inc.,* 85 B.R. 319 (W.D.Pa.1988), *order vacated on other grounds,* 858 F.2d 137 (3d Cir.1988), *cert. denied,* 489 U.S. 1078, 109 S.Ct. 1529, 103 L.Ed.2d 835 (1989). The debtors have made no showing that the court's determination was an abuse of discretion, and we do not find such an abuse.

## III.

### *Conclusion*

The order of the Bankruptcy Court is **AF-FIRMED.**

**IT IS SO ORDERED.**