**In re Kerry Joe HENDERSON, Wendi Ann Henderson, Debtors.**

**Bankruptcy No. 96–40614.**

United States Bankruptcy Court,
N.D. Alabama,
Eastern Division.

May 6, 1996.

Thomas Semmes, Anniston, AL, for debtors.

## MEMORANDUM OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

This case presents an issue not decided in any reported decision of which this Court is aware—whether a bankruptcy court may *sua sponte* transfer a case which was filed in the wrong district. This matter came before the court on March 26, 1996, for a hearing on the Court's "rule to show cause," entered March 12, 1996. The order required the debtors and the debtors' attorney to appear before the court and "show good cause why this case should not be dismissed out of Court or transferred for improper venue." Debtor Wendi Henderson appeared at the hearing with her attorney. Debtor Kerry Henderson did not attend the hearing.

### *FINDINGS OF FACT*

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. 157(a), and the general order of reference for the Northern District of Alabama, dated July 16, 1984.

2. The debtors filed a joint petition on March 5, 1996.

3. Kerry Henderson listed his address in the petition as "P.O. Box 864 Wedowee, AL 36278." Wedowee is in Randolph County.

4. Wendi Henderson listed her address in the petition as "94 County Road 663 Hanceville, AL 35077." Hanceville is in Cullman County.

5. On March 12, based on the information appearing in the debtors' petition, the court issued a "rule to show cause" why the case should not be transferred or dismissed for its apparently having been filed in an improper district.

6. On March 22, 1996, Wendi Henderson filed a "notice of change of address" specify-

**150**

ing that her address was "P.O. Box 864 Wedowee, AL 36278 Randolph County."

7. Kerry Henderson and Wendi Henderson both reside in Randolph County, Alabama, and have done so since August 1995.

8. Kerry Henderson is employed as a teacher at Wedowee High School. Wendi Henderson is not employed. Neither is engaged in a trade or business.

9. The Court takes judicial notice of the fact that the United States Bankruptcy Court for the Northern District of Alabama operates under a general order of reference dated July 16, 1984.

10. The Court takes judicial notice of the fact that the United States Bankruptcy Court for the Middle District of Alabama operates under a general order of reference dated April 25, 1985.

## CONCLUSIONS OF LAW

1. Determination under 28 U.S.C. § 157(b)(3).

■ The first determination the Court must make is whether the Court may properly enter an order in this matter under 28 U.S.C. § 157(b)(1). 28 U.S.C. § 157(b)(3); *Marill Alarm Sys. v. Equity Funding*, 81 B.R. 119 (S.D.Fla.1987), *aff'd* 861 F.2d 725 (11th Cir.1988). The Court may hear and determine cases under title 11; the Court may also hear and determine core proceedings arising in or arising under cases under title 11. A proceeding for change of venue is a core proceeding in a title 11 case because it "involves fundamental bankruptcy issues, including, in Chapter 11 cases, a determination of whether a requested transfer would promote the economic and efficient administration of the estate." *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 718 (Bankr. D.Conn.1986), *citing Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979), cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980). *Accord, In re Waits*, 70 B.R. 591 (Bankr.

S.D.N.Y.1987); *Burlingame v. Whilden (In re Whilden)*, 67 B.R. 40 (Bankr.M.D.Fla. 1986). The Court concludes, therefore, pursuant to § 157(b)(3), that it may enter an order in this matter because it is a core proceeding arising in a case under title 11.[1]

### 2. Improper venue

■ The first substantive issue the court must consider is the propriety of the debtors' filing their joint petition in this district. Section 1408 of title 28 governs venue in bankruptcy cases; it provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. Under subsection (1), venue is proper in any district in which the debtor's domicile, residence, principal place of domestic business, or principal place of domestic assets has been located for the requisite period.

A debtor may file a petition in the district of his or her residence. 28 U.S.C. 1408(1). Wendi Henderson testified that the debtors' joint residence for the last seven months has been in Randolph County. Randolph County is in the Middle District of Alabama. 28 U.S.C. § 81(b)(3). Venue based on residence in the Northern District of Alabama is,

---

1. The consideration of whether to transfer a case *sua sponte* may fall within the court's jurisdiction over "cases under title 11" and require no thought be given to whether the matter is core or non-core. However, to the extent that the court's consideration of whether to transfer the case is a "proceeding," it is certainly a core proceeding.

therefore, improper with respect to both debtors.

■■■ A debtor may file a petition in the district of his or her domicile. Domicile, as defined in various contexts, is composed of both residence somewhere and the intention to remain there. Domicile is the "place where an individual establishes both physical presence and an intent to remain indefinitely." *Melian v. I.N.S.*, 987 F.2d 1521, 1524 (11th Cir.1993) (interpreting "lawful domicile" in Immigration and Nationality Act, 8 U.S.C.A. § 1182(c)). *See also, Manley v. Engram*, 755 F.2d 1463, 1466 n. 3 (11th Cir.1985). Domicile is acquired by living in a location "with the intent to make it a fixed and permanent home." *Wolinsky v. Bradford Nat. Bank*, 34 B.R. 702 (D.Vt.1983), citing *Fuller v. Hofferbert*, 204 F.2d 592, 597 (6th Cir.1953); *In re Deeb*, 59 B.R. 661 (Bankr.N.D.Ala.1986). Domicile in a place requires the domiciliary to be "living there, even for a brief period of time, with no definite present intention of later removing therefrom." 26 C.F.R. § 20.0–1(b)(1) (domicile for estate tax). Under the logical principle of simplification, therefore, "residence is a necessary component of domicile." *State Farm Mutual Automobile Ins. Co. v. Hanna*, 277 Ala. 32, 166 So.2d 872 (1964). "The fact that a person lives at a particular place creates a prima facie presumption that such place is his domicile. The presumption is rebuttable by facts to the contrary." *Nora v. Nora*, 494 So.2d 16, 18 (Ala.1986). Wendi Henderson presented evidence that the debtors' residence is in Randolph County and presented no evidence to rebut the presumption that the debtors' respective domiciles are also located in Randolph County. Venue based on domicile is proper in the Middle District and improper in the Northern District of Alabama.

■■■ The two remaining factors—"principal place of business" and "principal location of assets"—are not relevant here. Neither debtor is in business. Wendi Henderson is not employed and is not engaged in business. Kerry Henderson is not engaged in business. He is employed in Randolph County, which is in the Middle District; however, place of employment is not relevant to a determina-

tion of principal place of business. *In re Canavos*, 108 B.R. 55, 57 (Bankr.E.D.Pa. 1989). The category "principal place of business" is relevant only to a debtor who has a business of his or her own. *Id.,* quoting *Higgins v. State Loan Co.,* 114 F.2d 25, 26–27 (D.C.Cir.1940).

The debtors presented no evidence of the principal location of their assets. The Court notes that it declines to take *sua sponte* judicial notice of the information contained in the debtors schedules regarding the location of assets. Because the debtors' residence and domiciles are in the Middle District and because no evidence was presented regarding place of business or location of assets, the Court finds venue in the Northern District of Alabama to be improper and finds venue in the Middle District of Alabama to be proper.

3. Transfer to district in which venue is proper.

■■■ The second issue is what the Court should do about a petition filed in improper venue. The debtors argue that because Rule 1014 specifies that the court may transfer a case "on timely motion of a party in interest," the court may do so *only* on such a motion and may not transfer a case *sua sponte.*

At first blush, the debtors' argument appears to be expressly proscribed by the Code, which provides: "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). This sentence, added in 1984, Pub.L. No. 98–353, § 118, 98 Stat. 344, effectively overrules cases which construed sections providing for the raising of an issue by a party in interest to prevent a court from raising the issue itself. *E.g., In re Gusam Restaurant Corp.,* 737 F.2d 274 (2d Cir.1984). Section 105 now precludes this interpretation of provisions of title 11. *Finney v. Smith (In re Finney),* 992 F.2d 43 (4th Cir.1993); *In re Pedro Abich, Inc.,* 165 B.R. 5 (D.Puerto Rico 1994); *Pleasant Pointe Apartments, Ltd. v. Ken-*

*tucky Housing Corp.*, 139 B.R. 828, 831 (W.D.Ky.1992); *In re Clark*, 107 B.R. 376 (S.D.Fla.1988); *In re Petit*, 189 B.R. 227 (Bankr.D.Me.1995); *In re Miracle Church of God in Christ*, 119 B.R. 308 (Bankr.M.D.Fla. 1990). The court is taking the appropriate action of transferring this case to enforce the rules specified in the United States Code, 28 U.S.C. § 1408, and to prevent the abuses of process which may accompany forum-shopping.

Section 105 might appear, therefore, to resolve the issue easily by prohibiting the Court from accepting the debtors' construction of Rule 1014. It does not. Section 105 governs the construction of provisions in title 11. The reference in Rule 1014 to a party in interest appears not in title 11 but in a Federal Rule of Bankruptcy Procedure. This alone, however, may not be sufficient to prevent the rule of construction in § 105 from applying; the Court refrains from holding that a rule implementing a provision of title 11 would be exempt from the rules of construction contained in title 11. However, Rule 1014 does not implement a provision of title 11; on the contrary, it implements a provision of title 28. Consequently, the Court cannot adopt the straightforward solution of concluding that the simple rule of construction contained in § 105 applies to Rule 1014.

### a. Choice of transfer statutes

■■■ Because the Court may not dispose of this question under the rule of construction in § 105, it must address the three relevant change of venue statutes: 28 U.S.C. §§ 1404, 1406, and 1412. In so doing, the Court must first address which of the three statutes governs the transfer of bankruptcy cases filed in improper venue. Section 1404

is the general *forum non conveniens* statute. It states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1406 generally governs dismissal of cases filed in improper venue. It states, in part: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1412 governs the transfer of bankruptcy cases; it states: "A district court may transfer a case or proceeding under. title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

The Court may proceed in this matter under either § 1406(a) or § 1412.[2] Section 1406 extends to "cases," not merely "cases under title 11 . . . ." However, although a bankruptcy counterpart to § 1404 exists, no counterpart to § 1406 exists for the cure or waiver of improper venue. Prior to 1984, two bankruptcy provisions—§§ 1475 and 1477—more or less mirrored §§ 1404 and 1406.[3] Congress repealed them, however, and substituted § 1412 only. The courts differ whether Congress intended (1) § 1412 to govern all bankruptcy transfers exclusively, including those filed in improper venue or (2) § 1406 to govern the transfer of bankruptcy cases filed in improper venue. The courts which have adopted the first alternative have held that in replacing §§ 1475 and 1477, Congress intended to streamline the existing rules in one section which would solely govern all bankruptcy transfers. *In re Lazaro,*

---

**2.** Section 1404 does not apply to this matter. Section 1404 applies to "civil actions." A civil action is commenced by filing a complaint. Fed. R.Bankr.P. 7003; Fed.R.Civ.P. 3. As such, it may apply to adversary proceedings but does not apply to bankruptcy cases. However, Fed. R.Bankr.P. 7087, which governs the transfer of adversary proceedings, putatively implements § 1412.

**3.** Section 1475 provided: "A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a

bankruptcy court for another district, in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475 (1981) (repealed). Section 1477 provided, in part: "The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division." 28 U.S.C. § 1477(a) (1981) (repealed).

128 B.R. 168, 172–73 (Bankr.W.D.Tex.1991); *In re Leonard,* 55 B.R. 106, 109–110. (Bankr. D.C.1985). The court articulating the second view held that the two statutes are not mutually exclusive and can be read as supplementing each other. *In re Columbia Western, Inc.,* 183 B.R. 660, 663 (Bankr.D.Mass.1995). The Supreme Court also follows the second alternative, at least in its rulemaking capacity. The Supreme Court amended Rule 1014(a)(2) in 1987, following the repeal of §§ 1475 and 1477 to include dismissal pursuant to § 1406(a); if only § 1412 applied, the Supreme Court would have been without authority to add dismissal to the remedies available to the bankruptcy court for a case filed in improper venue.

■■■ This Court accepts the view that both sections apply to this case because §§ 1404, 1406, and 1412 may all apply to bankruptcy proceedings filed in improper venue. Neither of the statutes is ambiguous. In the absence of ambiguity, judicial inquiry ends with the plain language of the statutes. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Section 1412 is not limited by its terms to cases filed in proper venue; the Court declines to read it to be so limited. Nor are §§ 1404 or 1406 limited to non-bankruptcy cases. Section 1406 allows the district court to transfer any case, including a bankruptcy case. Section 1404 allows the district court to transfer any civil action, even one filed or pending in the bankruptcy court. Although § 1412 overlaps with both §§ 1404 and 1406, the Court must give effect to all three statutes. *Things Remembered, Inc. v. Petrarca,* —— U.S. ——, ——, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995) (holding both § 1441 and 1452 govern removal to bankruptcy court); *Connecticut National Bank v. Germain,* 503 U.S. 249, 252–53, 112 S.Ct. 1146, 1148–49, 117 L.Ed.2d 391 (1992) (holding §§ 158(d) and 1291 confer overlapping appellate jurisdiction over decisions of district courts). This Court holds, therefore, that it may transfer a case under any of the three sections, whichever is appropriate. The Court may under either §§ 1406(a) or 1412, therefore, transfer a title 11 case filed in improper venue, if the Court complies with the requirements of either statute.

*b. Transfer by the bankruptcy court pursuant to 28 U.S.C. § 1412*

■■■ The Court may proceed in this matter under either §§ 1406 or 1412. These statutes present two questions. The first is whether they authorize action by the bankruptcy court, as opposed to the district court. The second is whether either court may act *sua sponte.* The debtors do not assert that the Court lacks authority to transfer a case filed in an improper district; they merely challenge the Court's power to do so *sua sponte.* The resolution of this issue, however, depends on a proper understanding of the statutory basis for the Court's authority to transfer for improper venue.

The bankruptcy court has the statutory authority to transfer a case filed in improper venue, notwithstanding the statutory references to the district court. Each transfer statute refers to the district court, which is defined as the courts constituted by chapter 5 of title 28. 28 U.S.C. § 451. The bankruptcy courts are constituted by chapter 6. Some courts have concluded, therefore, that the bankruptcy courts lack authority to transfer cases. *Moody v. Empire Life Ins. Co. of America (In re Moody),* 46 B.R. 231 (M.D.N.C.1985); *Armstrong v. Rainier Financial Services (In re Greiner),* 45 B.R. 715 (Bankr.D.N.D.1985). However, the majority of courts disagree, finding the bankruptcy courts have authority to transfer under one of two theories.

The first theory supporting the bankruptcy courts' authority to transfer cases relies on 28 U.S.C. § 151, which makes the bankruptcy judges in a district a "unit of the district court." Some bankruptcy courts find authority in § 151 to do what the district court is authorized to do. *In re Oak Tower,* 59 B.R. 626 (Bankr.N.D.Ill.1986); *In re Leonard,* 55 B.R. 106 (Bankr.D.C.1985). This Court is troubled by the breadth of this justification. The second theory, which this Court adopts, is that bankruptcy courts may exercise certain powers of the district court pursuant to the referral of cases to be heard and determined by the bankruptcy court. *Whilden,* 67

B.R. at 41; *Oceanquest,* 56 B.R. at 718; *Waits,* 70 B.R. 591.

Section 157(b)(1) of title 28 authorizes the bankruptcy court to hear and determine cases under title 11 and core proceedings arising in or arising under title 11 cases referred to it by the district court; this statute confers on the bankruptcy court the power to enter orders and judgments in cases under title 11 and core proceedings arising in or arising under title 11 cases without having to submit them to the district court in the form of proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1). The Court has determined that this matter is a core proceeding arising in a title 11 case. Consequently, the Court has the statutory power to issue orders which would, but for the reference, be issued by the district court. This conclusion is supported by the venerable Judge Alexander Paskay, who has addressed the issue and held that the bankruptcy court

> may transfer [an] Adversary Proceeding pursuant to 28 U.S.C. § 1412 directly to another bankruptcy court bypassing the district court, provided, of course, that bankruptcy court to whom it is transferred also operates under the general reference issued by the district court of that district pursuant to 28 U.S.C. § 157(a). This will avoid the tortuous and totally pointless route and expense of first, to file a Motion to Withdraw Reference; second, to file a Motion to Transfer to the District Court; third, if the district court grants same, to order the transfer to the proper district court; and fourth, that the proper district may enter an Order of Special Reference and refer the matter to the bankruptcy court if so deemed to be advised or retain the transferred proceeding, a highly un-likely event.

*In re Hillsborough Holdings Corp.,* 146 B.R. 1008, 1010 (Bankr.M.D.Fla.1992). *Accord, In re Lazaro,* 128 B.R. 168, 175 n. 6 (Bankr. W.D.Tex.1991). By virtue of 28 U.S.C. § 157(a), therefore, the bankruptcy court may exercise the power conferred on the district court by 28 U.S.C. §§ 1406 and 1412 to transfer cases filed in improper venue. Because both the Middle and Northern Districts of Alabama operate under general orders of reference, this Court may transfer the case directly to the bankruptcy court in the district in which venue is proper.

### c. Sua sponte *transfer*

The second question is whether the court may transfer a case other than on motion by a party in interest. None of the relevant transfer of venue statutes expressly require a motion or prohibit the Court from acting *sua sponte.* Nor does Rule 1014(a)(2), although it refers to a motion.

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed.R.Bankr.P. 1014(a)(2). The debtors contend this rule prohibits the Court from transferring their joint case *sua sponte.* Although the rule does not expressly preclude the Court from transferring a case sua sponte, the advisory committee note to the rule, as enacted in 1983, supports the debtors' reading. It states: "Subdivision (a) protects the parties against being transferred except on a timely motion of a party in interest. . . . Under this rule, a motion by a party in interest is necessary. There is no provision for the court to act on its own initiative." Fed. R.Bankr.P. 1014 Advisory Committee Note (1983). Although the rule has been amended since 1983, the reference to a party's motion has remained intact throughout each revision.[4]

Notwithstanding the language in the advisory committee's note, Rule 1014 must be read in a manner consistent with the statutory provisions governing change of venue. The Supreme Court is authorized to "prescribe by general rules, the forms of

---

4. The Court's sua sponte power to transfer has long been an issue. Rule 116 of the pre-Code Bankruptcy Rules provided for *sua sponte* trans-fer only prior to the meeting of creditors. Bank-ruptcy Rule 116(b) (1975).

process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge, modify, or enlarge any substantive right." 28 U.S.C. § 2075. This provision is generally interpreted to require the "rule-making power be limited and exercised consistently with the substantive provisions of the Code." *In re Itel Corp.,* 17 B.R. 942 (9th Cir. BAP 1982). *Accord, In re Lazaro,* 128 B.R. 168, 171 (Bankr.W.D.Tex.1991). As the legislative history to § 2075 states, "[t]o the extent that a rule is inconsistent, the statute will govern." S.Rep. No. 989, 95th Cong., 2d Sess. 158, reprinted in 1978 U.S.Code Cong. & Admin.News 5944. *Accord, In re Roberts,* 68 B.R. 1004, 1006–07 (Bankr.E.D.Mich.1987) (invalidating old Rule 4001(b) as being in conflict with § 362(e)).[5] Rules and statutes, however, should be interpreted, if possible, to be in harmony. *In re Duke,* 153 B.R. 913, 916 (Bankr.N.D.Ala.1993). This Court will not conclude, therefore, even in the face of historical notes, that a rule conflicts with the proper interpretation of a federal statute unless the conflict appears on its face. If the conflict is patent, however, the rule must yield to the statute. If, therefore, the relevant transfer statutes permit *sua sponte* transfer, the Court will read Rule 1014 as permitting *sua sponte* transfer unless the Rule clearly contradicts the statutes. *See, e.g., In re Searles,* 70 B.R. 266, 271 (D.R.I. 1987) (reading Rule 5010 to allow *sua sponte* reopening of a case notwithstanding its reference to a motion by the debtor or party in interest). If, however, Rule 1014 clearly contradicts the statutes, the Court will not give effect to the rule.

No reported decisions support the court's ability to transfer a case *sua sponte* under section 1412, although some authority supports the bankruptcy court's inherent power to transfer a case *sua sponte, Glatter v. Mroz, (In re Mroz),* 65 F.3d 1567, 1575 n. 9 (11th Cir.1995) (referring in *dicta* to the bankruptcy court's inherent authority to dismiss a case filed in *forum non conveniens* ), *citing Chambers v. NASCO, Inc.,* 501 U.S.

32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *In re Townsend,* 84 B.R. 764 (Bankr.N.D.Fla. 1988) (*dictum* ). Voluminous authority exists, however, to support the power of the appropriate court to transfer a case *sua sponte* under 28 U.S.C. § 1404 to a more convenient forum. *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761 (5th Cir.1989); *Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528–29 (5th Cir.1988); *Starnes v. McGuire,* 512 F.2d 918, 933–34 (D.C.Cir. 1974); *I–T–E Circuit Breaker Co. v. Becker,* 343 F.2d 361, 363 (8th Cir.1965); *Kelly v. Kelly,* 911 F.Supp. 70 (N.D.N.Y.1996); *Haskel v. FPR Registry, Inc.,* 862 F.Supp. 909, 916 (E.D.N.Y.1994); *Pijanowski v. Cleveland Clinic Foundation,* 635 F.Supp. 1435, 1436 (E.D.Mich.1986); *Mobil Corp. v. S.E.C.,* 550 F.Supp. 67, 69 (S.D.N.Y.1982); *National Acceptance Co. of America v. Wechsler,* 489 F.Supp. 642, 649 (N.D.Ill.1980); *Riordan v. W.J. Bremer, Inc.,* 466 F.Supp. 411, 417 (S.D.Ga.1979); *Monsanto Co. v. United Gas Pipe Line Co.,* 360 F.Supp. 1054 (D.D.C. 1973). Likewise, extensive authority exists for the appropriate court *sua sponte* to transfer a case filed in improper venue under § 1406(a). *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir.1986); *Consolidated Ins. Co. v. Vanderwoude,* 876 F.Supp. 198, 202 (D.Ind. 1995) (*sua sponte* transfer where motion to dismiss denied); *Restrepo v. Colgate University,* 149 F.R.D. 17 (N.D.N.Y.1993); *Plywood Panels, Inc. v. M/V Thalia,* 141 F.R.D. 689, 690 (E.D.La.1992); *Clisham Management, Inc. v. American Steel Bldg. Co., Inc.,* 792 F.Supp. 150, 157 (D.Conn.1992); *Coleman v. Chen,* 712 F.Supp. 117, 123 (S.D.Ohio 1988) (*sua sponte* transfer of case closely related to case transferred on motion); *Watwood v. Barber,* 70 F.R.D. 1, 9 n. 7 (N.D.Ga.1975) (inquiring into the propriety of § 1404 transfer to district and retransferring *sua sponte* under § 1406). *See, also Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir.1989) (*sua sponte* dismissal where motion to transfer denied). *Cf., Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371–72 n. 3 (2d Cir.1966) (court should not

---

**5.** Prior to its amendment in 1978, 28 U.S.C. § 2075 stated: "All laws in conflict with such rules shall be of no further force and effect after such rules have taken effect." 28 U.S.C. § 2075

(1976). Since the passage of the Bankruptcy Reform Act of 1978, however, the code has been pre-eminent.

transfer a case *sua sponte* without exceptional circumstances). *See also, Stich v. Rehnquist,* 982 F.2d 88 (2d Cir.1992) (following *Mirisch* and finding exceptional circumstances).

The district court may exercise its transfer powers under §§ 1404 and 1406 *sua sponte.* The debtors have advanced no argument why title 11 cases should be treated differently under § 1406(a) or § 1412 from non-bankruptcy cases under either § 1404 or § 1406(a). The debtors' interpretation of Rule 1014 would deprive both the district court and the bankruptcy court of authority to transfer bankruptcy cases *sua sponte* under § 1406(a). This interpretation is contrary to the great weight of authority interpreting § 1406(a). This Court declines, therefore, to accept the debtors' interpretation of Rule 1014. This Court concludes that the district court, and, pursuant to 28 U.S.C. § 157(a), the bankruptcy court, may transfer a case filed in improper venue *sua sponte* under 28 U.S.C. § 1406(a).

The same principles apply to § 1412. Section 1412 is the counterpart, applicable to title 11 cases, of § 1404, which applies to civil actions. Sections 1404 and 1412 are substantially identical and should be read *in pari materia.* Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The two sections differ only in four respects: (1) § 1404 applies to civil actions and § 1412 applies to title 11 cases; (2) syntax (in § 1404, a conditional prepositional phrase precedes the grant of authority; in § 1412, the grant of authority begins the sentence); (3) the omission in § 1412 of any reference to the convenience of witnesses; and (4) the omission in § 1412 of the requirement that the case be transferred only to a district in which it might have been originally brought.

The vast weight of authority holds the district court may transfer civil actions *sua sponte* under 28 U.S.C. § 1404. None of the differences between § 1404 and § 1412 is sufficient to mandate the conclusion that the power conferred by § 1412 may not also be exercised *sua sponte.* The Court declines the debtors' invitation to read Rule 1014 in conflict with this interpretation of §§ 1404 and 1412. The district court may transfer a case *sua sponte* under § 1404. The district court may also transfer a case under § 1412; the bankruptcy court may, therefore, pursuant to 28 U.S.C. § 157(a), also transfer *sua sponte* a case under § 1412.

4. Transfer of venue to the Middle District of Alabama

The Court concludes that the Middle District of Alabama is the district in which venue is proper. The Court further concludes that the interests of justice (as well as the administrative stability of the judicial districts) are served by the Court's correcting the filing of a case in the wrong district. Transfer, therefore, to the United States Bankruptcy Court for the Middle District of Alabama is appropriate under either §§ 1406(a) or 1412.

5. Judicial Notice

 The court takes judicial notice of the entry of general orders of reference in the Northern and Middle Districts of Alabama. Federal Rule of Evidence 201 allows the court to take judicial notice of any adjudicative fact which is "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(a) & (b). The court may take judicial notice of its own orders and of records in a case before the court, *State of Florida v. Charley Toppino & Sons, Inc.,* 514 F.2d 700, 704 (5th Cir.1975), and of documents filed in another court, *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir.1991).

 Federal Rule of Evidence 201(e) provides a party with the opportunity, upon timely request, "to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Ordinarily, judicial notice is taken upon request of a party and the parties can be heard prior to judicial notice being taken. The rule specifically provides, however, for both notice to the parties and the opportunity to be heard after judicial notice has been taken: "In the absence of

prior notification, the request may be made after judicial notice has been taken." The debtors may, therefore, request a hearing limited solely to the issues of the propriety of taking judicial notice and the tenor of matters noticed in this order. The rule does not specify during what period of time a request for an opportunity to be heard is "timely;" the court, therefore, determines that the request for an opportunity to be heard must be filed within ten days of the entry on the docket of the order accompanying this opinion.

## CONCLUSION

The debtors filed their petition in a district in which venue is improper. The Court has the authority, *sua sponte,* to transfer cases filed in improper venue to the appropriate district. An order will be entered consistent with this opinion transferring this case to the United States Bankruptcy Court for the Middle District of Alabama.