# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 99-6053EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Sherwin Samuel Minkes, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Sherwin Samuel Minkes, | * | |
| | * | |
| Debtor-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri. |
| John V. LaBarge, Jr., | * | |
| Chapter 13 Trustee, | * | |
| | * | |
| Trustee-Appellee[1]. | * | |

———

Submitted: August 2, 1999
Filed: August 9, 1999

———

Before KOGER, Chief Judge,  KRESSEL,  and SCOTT, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

---

[1] The trustee is a nominal appellee only.  He did not participate in any proceedings in the bankruptcy court or on appeal.

The debtor appeals from the bankruptcy court's dismissal of his Chapter 13 case. Because we conclude that the dismissal did not comport with the procedural requirements of the Bankruptcy Code, we reverse.

BACKGROUND

The debtor filed, without the assistance of an attorney, a petition under chapter 13 on June 16, 1999, together with an application to pay the filing fee in installments. The application was granted. On the same date that the case was filed, the clerk of the bankruptcy court issued two notices regarding deficiencies in the debtor's filings. The first notice entitled "24-Hour Notice of Deficient Filing," notified the debtor that unless he filed, within 24 hours, a matrix and a verification of the matrix, his case would be dismissed. The second, entitled simply "Notice of Deficiency," notified the debtor that his petition was not filed on the official bankruptcy form and gave him one business day to file a new petition or his case would be dismissed. The next day, the debtor complied with both notices by filing a matrix with verification and a bankruptcy petition using the official bankruptcy form. As a result of his compliance, the debtor's case was not dismissed.

On June 25, 1999, the debtor filed the summary of his schedules, a statement of affairs, a declaration concerning the schedules, and all required schedules, with the exception of Schedule H.

Also on June 25, 1999, the debtor moved the bankruptcy court to allow him to amend his matrix to add a creditor without payment of the required $20.00 fee. The bankruptcy court granted the debtor's motion, but then went on to find that the debtor's Chapter 13 plan was "incomplete and incomprehensible" and sua sponte dismissed his case.

On June 30, 1999, the debtor filed a motion asking to "rescind" the order of dismissal. The bankruptcy court denied the debtor's motion on the same day. On July 1, 1999, the debtor filed a notice of appeal.

DISCUSSION

Dismissal of a chapter 13 case is dealt with in two subdivisions of § 1307.  Section 1307(b) deals with dismissal on request of the debtor and § 1307(c) provides in pertinent part:

> [O]n request of a party in interest or the United States trustee  and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

See 11 U.S.C. § 1307(c).

The three principle requirements of dismissal under § 1307 are: (1) the request of a party in interest or the United States Trustee,[2] (2) notice and a hearing,[3] and (3) a showing of cause.  We do not think any of the three conditions have been met here. The bankruptcy court proceeded sua sponte without the request of a party in interest or the United States Trustee, and the court was not  enforcing or implementing court orders or rules or preventing an abuse of process.  No notice was given to the debtor of the deficiencies with his plan, with an opportunity to either argue that the plan was not deficient or to correct the plan to meet the perceived problems.  Lastly, while we agree wholeheartedly with the bankruptcy court's assessment that the debtor's plan was "incomplete and incomprehensible" and agree that the

---

[2] See Tenney v. Terry (In re Terry), 630 F.2d 634, 636 n. 5 (8th Cir. 1980) where the Eighth Circuit held that the court could not sua sponte dismiss a Chapter 13 case following denial of confirmation of a plan.  Subsequent to Terry, Congress amended § 105 to provide that the requirement of a request of a party in interest can be obviated and the court may proceed sua sponte to enter orders to "enforce or implement court orders or rules, or to prevent an abuse of process."  See 11 U.S.C. § 105(a).  Section 105(a) does not dispense with the requirement of notice and a hearing, however.

[3] "After notice and a hearing" is a bankruptcy term of art which does not always require an actual hearing to occur, but does require appropriate notice and an appropriate opportunity for a hearing.  See 11 U.S.C. § 102(1).

plan was not confirmable, we disagree that the filing of one unconfirmable plan, in and of itself, is sufficient cause for dismissal of a Chapter 13 case.

Our holding should not hamper the bankruptcy court's ability to administer its cases. For example, we think the court's handling of the debtor's original filings was perfectly appropriate. The debtor was given notice of the serious deficiencies in his filing and failure to comply with the Federal Rules of Bankruptcy Procedure and Forms, was given a deadline to cure those deficiencies, and was told that his case would be dismissed if he failed. A subsequent dismissal would have been appropriate because the notice requirements would have been met, cause would have existed, and the requirement of a request of a party in interest obviated since the court would be dismissing based on the debtor's failure to comply with its court's order and rules.

## CONCLUSION

For the foregoing reasons, we reverse the bankruptcy court's dismissal of the debtor's case.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.

4