# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

_____

No. 02-6047WM

_____

| | | |
|---|---|---|
| In re: Carla Mae Wilson | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Carla Mae Wilson, | * | |
| | * | |
| Debtor-Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Western |
| v. | * | District of Missouri |
| | * | |
| John C. Reed[1], | * | |
| | * | |
| Trustee-Appellee | * | |

_____

Submitted: October 8, 2002
Filed: October 21, 2002

_____

Before KRESSEL, SCHERMER and DREHER, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge.

_____

[1] Reed is a nominal party only. He did not participate in proceedings in the bankruptcy court or on appeal.

Carla Mae Wilson appeals from the bankruptcy court order denying her "motion to reinstate" her chapter 7 bankruptcy case. Because we conclude the bankruptcy judge erred in not granting the motion, we reverse and remand.

## BACKGROUND

On August 17, 2002, Carla Mae Wilson filed a voluntary chapter 7 bankruptcy petition in the Western District of Missouri. On that same date, John C. Reed was appointed interim trustee. On August 23, 2002, the bankruptcy court dismissed the debtor's case *sua sponte* because the debtor filed in the improper district.[2] On August 27, 2002, the debtor filed a Motion to Reinstate Case.[3] On August 28, 2002, the bankruptcy court denied the debtor's motion. The debtor filed a timely appeal from this order but did not appeal the dismissal order itself.

## DISCUSSION
### *Standard of Review*

"We review a bankruptcy court's conclusions of law de novo and its factual findings under the clearly erroneous standard." *Merchants Nat'l Bank of Winona v. Moen (In re Moen)*, 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999) (quoting *Sinclair Oil Co. v. Jones (In re Jones)*, 31 F.3d 659, 661 (8th Cir. 1994)); *First Nat'l Bank of Olathe, Kan. v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997).

---

[2] The debtor lives in the Eastern District of Missouri.

[3] Since the rules do not recognize any such motion, we treat the motion as one for relief from the dismissal order under Fed. R. Civ. P. 52, 59 or 60.

## SUA SPONTE DISMISSAL

Venue of bankruptcy cases is addressed in 28 U.S.C. § 1408 and states:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district–
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. Dismissal or transfer of a bankruptcy case filed in an improper district is discussed in Rule 1014(a)(2) which states:

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(2).

The debtor argues that for a case to be dismissed or transferred because it was filed in the improper district, there must *first* be a timely motion filed by a party in interest, i.e., the bankruptcy court lacks the authority to proceed *sua sponte*. The debtor further argues that she is entitled to a hearing before her case is dismissed. The debtor cites *Bryan v. Land (In re Land)*, 215 B.R. 398 (B.A.P. 8th Cir. 1997)[4] as well as *Minkes v. LaBarge (In re Minkes)*, 237 B.R. 476 (B.A.P. 8th Cir. 1999) to support these arguments.

We disagree with the first proposition, but agree with the second. In *Minkes*, which specifically discusses the *sua sponte* dismissal issue, we noted that Congress amended 11 U.S.C. § 105(a) to provide that the requirement of "a request of a party in interest" can be obviated, and the bankruptcy court may proceed *sua sponte* to enter orders to enforce or implement court orders or rules, or to prevent an abuse of process. *In re Minkes*, 237 B.R. at 478 n. 2. Thus, the bankruptcy court did have the right to proceed *sua sponte*.

However, we also held in *Minkes* that 11 U.S.C. § 105(a) does not dispense with the requirement of notice and a hearing. *Id*. Although the term "after notice and hearing" does not always require an actual hearing to occur, it does require appropriate notice and an appropriate opportunity for a hearing.[5] *See* 11 U.S.C. § 102(1). Such notice and an opportunity for a hearing would have allowed the debtor to present evidence to show that venue was proper. An opportunity for a hearing would also allow the debtor to try to convince the court to exercise its discretion to

---

[4] While *Land* is a venue case, the issue in that case was one of timeliness in filing a motion to change venue, not whether the bankruptcy judge *sua sponte* could dismiss the bankruptcy case, which is the issue we deal with in this case.

[5] For example, the procedure approved in *Minkes* would also be appropriate here. A notice from the clerk that the case will be dismissed or transferred unless the debtor requested a hearing would satisfy the requirements of 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 1014(a)(2).

keep venue in the Western District of Missouri, and would allow the debtor to argue whether dismissal or transferral of the case would be preferable.

CONCLUSION

For the foregoing reasons, we reverse the bankruptcy court's denial of the debtor's motion to reinstate her chapter 7 bankruptcy case and remand for proceedings consistent with this order.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.

5