**In re Nicholas M. TAFLAN and Patricia L. Taflan, Debtors.**

**Civ.A. No. 5:04CV30.
Bankruptcy No. 5:03–BK–02170.**

United States District Court,
N.D. West Virginia.

June 25, 2004.

Nicholas Matthew Taflan, Bellaire, OH, pro se.

Patricia Louise Taflan, Bellaire, OH, pro se.

Patrick M. Flatley, United States Attorney, Wheeling, WV, Gerald A. Role, Washington, DC, for Appellee.

## MEMORANDUM OPINION AND ORDER REVERSING ORDER DISMISSING ADVERSARIAL PROCEEDING, REVERSING ORDER DENYING MOTION TO RECONSIDER CASE AND REMANDING CASE TO BANKRUPTCY COURT

STAMP, District Judge.

### I. *Introduction*

The debtors/appellants, Nicholas Matthew Taflan and Patricia Louise Taflan, filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.*, in the United States Bankruptcy Court for the Northern District of West Virginia. On November 14, 2003, the Internal Revenue Service filed a proof of claim in the amount of $119,818.36. From this amount, $85,000.00 was a priority claim for the debtors' unpaid federal income tax liability for the years 2000, 2001 and 2002, along with interest thereon. The debtors then filed an objection to the claim to which the appellees responded and debtors replied.

On December 11, 2003, the appellees filed a motion to dismiss for improper venue to which debtors replied. On January 13, 2004, debtors filed a complaint in the Bankruptcy Court against the Internal Revenue Service, Sally D. Pape, Linda Simon and John Doe. On the same date, the Bankruptcy Court held a hearing, at the conclusion of which the Bankruptcy Court

dismissed debtors' petition because the debtors failed to abide by the law and file tax returns. On January 14, 2004, the Bankruptcy Court entered an order dismissing the petition. On January 21, 2004, the Bankruptcy Court entered an order dismissing the adversary proceeding. On January 22, 2004, the Bankruptcy Court entered an order dismissing the complaint filed on January 13, 2004 by the debtors.

Thereafter, the debtors filed a motion to reconsider which was denied by the Bankruptcy Court in an order entered on January 27, 2004. Debtors then filed a motion to reconsider the order denying motion for reconsideration and a motion for stay of orders pending appeal, both of which were denied by the Bankruptcy Court in an order entered on February 12, 2004. On April 12, 2004, debtors filed their brief appealing the Bankruptcy Court's January 14, 2004[1] order dismissing the debtors' petition and the January 27, 2004 order denying the motion to reconsider. On April 28, 2004, the appellee filed its brief arguing that the Bankruptcy Court properly dismissed debtor's petition and in the alternative, that the debtors' petition should be dismissed for improper venue.

After consideration of the briefs and the record submitted, the January 14, 2004 order of the bankruptcy court dismissing debtors' petition and the January 27, 2004 order of the Bankruptcy Court denying the motion to reconsider this case are reversed and the case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

### II. *Discussion*

■ Debtors argue that Judge Friend was biased in making his decisions dis-

---

1. This Court notes that in debtors' notice of appeal, debtors' state that they are appealing the January 22, 2004 order which they claim dismissed this case. However, the January 22, 2004 order dismissed the complaint filed

by the debtors' on January 13, 2004. The January 14, 2002 order, as appellees point out, dismissed the debtors' Chapter 13 petition.

missing this case, that this case should be remanded to a neutral bankruptcy judge,[2] that the bankruptcy judge erred in not stating what standard he was applying in his decision dismissing the case and that the bankruptcy judge erred in relying on *In re Erchak*, 152 B.R. 68 (Bankr. N.D.W.Va.1993). Appellee argues that failing to file tax returns constitutes cause for dismissal of a Chapter 13 case and alternatively, that the debtors' petition should be dismissed for improper venue.

This Court first notes that although the issue of improper venue was raised in appellees' motion to dismiss filed in the Bankruptcy Court on December 11, 2003, the Bankruptcy Court never addressed this issue.[3] Appellees, however, still maintain that venue is improper because debtors reside in Bellaire, Ohio. Appellees also argue that the fact that Mr. Taflan can be called to work at Rite Aid stores in West Virginia is irrelevant because a salaried individual debtor's place of employment does not constitute a "place of business" under the bankruptcy venue statute. Debtors argue that since the issue of venue was not addressed by the Bankruptcy Court, this Court cannot affirm the Bankruptcy Court's decisions.

The bankruptcy venue statute provides:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

■ In addition, Bankruptcy Rule 1014 provides that:

If petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr.P. 1014(a)(2). Thus, if a venue is improper, the bankruptcy court must either dismiss the action or transfer the same, if transfer is in the interest of justice or for the convenience of the par-

---

**2.** Although debtors argue that Judge Friend was biased in making his decision in this case, this Court finds that there is no evidence of bias as this case was dismissed by the bankruptcy judge because of the debtors' failure to file tax returns. Therefore, this Court finds that debtors' allegations of judicial bias are without merit.

**3.** At the hearing on January 13, 2004, Judge Friend stated:

So without further discussion, without any input from the government—I've been through the cases before—Mr. Flatley, the Court finds that the Chapter 13 case will be DISMISSED for failure to abide by the law and file tax returns, which is a standard in this court. That being the case, I won't address venue, because that's a very different proposition which has other ramifications to it that really aren't relevant to this case.

Tr. of Jan. 13, 2004 Hr'g at 18.

ties. *EDP Med. Computer Sys. v. United States (In re EDP Med. Computer Sys.)*, 178 B.R. 57 (M.D.Pa.1995); *Micci v. Bank of New Haven (In re Micci)*, 188 B.R. 697 (S.D.Fla.1995); *In re Berryhill*, 182 B.R. 29 (Bankr.W.D.Tenn.1995); *In re Pannell*, 243 B.R. 23 (Bankr.S.D.Ohio 1999). Moreover, when venue is found to be improper under 28 U.S.C. § 1408, the debtor is entitled to notice and to request a hearing under Bankruptcy Rule 1014(a) and 11 U.S.C. § 102 to allow the debtor to argue that transfer of the case is preferable to dismissal. *Wilson v. Reed (In re Wilson)*, 284 B.R. 109 (8th Cir. BAP 2002).

Although appellees argue that this Court can affirm the bankruptcy judge's decision on the grounds of improper venue, this Court finds it inappropriate to do so because the issue of venue will require factual findings and a hearing, if appropriate. As the court stated in *Oaks of Woodlake Phase III, Ltd. v. Hall (In re Hall)*, 939 F.2d 802 (9th Cir.1991), "If the bankruptcy court's factual findings are silent or ambiguous as to a material factual question, the district court must remand the case to the bankruptcy court for the necessary factual determination; the district court may not make its own factual findings." *Id.* at 804; *see also HSBC Bank USA v. Handel (In re Handel)*, 253 B.R. 308 (1st Cir. BAP 2000)(holding that whether venue is proper in Massachusetts based upon debtor's domicile requires the determination of questions of fact and remanding case to bankruptcy court for a determination of this issue). Accordingly, this civil action must be remanded to the Bankruptcy Court to determine if venue is proper, and if venue is found to be improper, whether a dismissal or transfer of this case is appropriate in light of the Bankruptcy Court's previous finding that the petition was not filed in good faith due to debtors' failing to file tax returns.

### III. *Conclusion*

For the reasons stated above, the January 14, 2004 order of the bankruptcy court dismissing the debtors' petition and the January 27, 2004 order of the Bankruptcy Court denying the motion to reconsider this case are REVERSED and the case is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.