**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1344-FKiKu |
| ) | |
| LYDIA ONG SANDERS, ) | Bk. No.   8:15-bk-14615-TA |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| LYDIA ONG SANDERS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| UNITED STATES TRUSTEE,[**] ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on June 23, 2016
at Pasadena, California[***]

Filed – July 15, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

_____

Appearances:   Richard Lawrence Antognini argued for Appellant
               Lydia Ong Sanders.

_____

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[**] The United States Trustee did not file an answering brief or otherwise participate in this appeal.

[***] Oral argument in this matter was consolidated with the appeal in Sanders v. Cohen (In re Sanders), BAP No. CC-15-1284-FKiKu.

Before: FARIS, KIRSCHER, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Appellant/chapter 11[1] debtor Lydia Ong Sanders appeals the bankruptcy court's summary dismissal of her bankruptcy case at the time she filed the petition. The court did so without notice or an opportunity for a hearing, based solely on the fact that she and her husband had recently filed numerous bankruptcy petitions. We find that the bankruptcy court deprived Mrs. Sanders of due process. Accordingly, we VACATE the dismissal order and REMAND this case to the bankruptcy court.

## FACTUAL BACKGROUND[2]

Mrs. Sanders and her husband, Marshall Samuel Sanders, have initiated a combined total of nine bankruptcy petitions since 2010. Mrs. Sanders has filed four petitions in the Central District of California, including the petition from which this appeal arises.[3]

Prior to the instant appeal, Mrs. Sanders most recently filed a chapter 11 bankruptcy petition on October 29, 2014. That case was dismissed on November 19, 2014 for failure to file her

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[3] Mrs. Sanders filed a chapter 7 case in June 2010 and received a discharge in September 2010; she filed a chapter 13 case in December 2013, which was dismissed in March 2014 with a 180-day bar on refiling; and she filed a chapter 11 case in October 2014, which was dismissed in November 2014.

2

schedules, statements, or a plan. The court did not impose any bar against refiling a bankruptcy petition.

On September 22, 2015, Mrs. Sanders again attempted to file a chapter 11 petition. Mrs. Sanders' filings included an Application for Individuals to Pay the Filing Fee in Installments. Her husband filed the documents in the clerk's office and waited to receive conformed copies.

The clerk returned to Mr. Sanders the Order Approving Payment of Filing Fee in Installments with a handwritten note by the bankruptcy judge stating, "denied - dismiss w. 180-day bar. This debtor and husband have filed 9 cases in only about 4 years."

The court entered the order and notice of dismissal on the same day. Mrs. Sanders timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court violated due process by dismissing Mrs. Sanders' petition without notice or a hearing.[4]

## STANDARD OF REVIEW

"Whether an appellant's due process rights were violated is a question of law we review de novo." DeLuca v. Seare

---

[4] Although Mrs. Sanders' statement of issues on appeal refers to violations of the Federal Rules of Bankruptcy Procedure and the local rules, the argument in her opening brief focuses solely on the alleged denial of due process. As such, we only address the due process issues raised therein.

3

(In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014) (citing Miller v. Cardinale (In re DeVille), 280 B.R. 483, 492 (9th Cir. BAP 2002), aff'd, 361 F.3d 539 (9th Cir. 2004)); see also HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim), 803 F.3d 477, 497 (9th Cir. 2015) ("Whether adequate notice has been given for the purposes of due process is a mixed question of law and fact that we review de novo."). "De novo review requires that we consider a matter anew, as if no decision had been made previously." Francis v. Wallace (In re Francis), 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

**DISCUSSION**

**A.   Due process generally requires notice and an opportunity to be heard.**

The sole issue on appeal concerns whether the bankruptcy court violated Mrs. Sanders' due process rights by dismissing her petition without notice or an opportunity to be heard.

Generally speaking, a court must give sufficient notice of its intention to dismiss a case and the opportunity for interested parties to be heard. See Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004) ("the concept of procedural due process requires a notice and an opportunity to be heard" (citing Muessel v. Pappalardo (In re Muessel), 292 B.R. 712, 717 (1st Cir. BAP 2003))). According to the United States Supreme Court:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the

4

required information, . . . and it must afford a reasonable time for those interested to make their appearance[.]

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (internal citations omitted).

Section 1112(b) provides that, "after notice and a hearing," a court may dismiss a chapter 11 case "for cause." Section 102(1) defines the phrase "after notice and a hearing":

(1) "after notice and a hearing", or a similar phrase -

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if -

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

"[T]he concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." In re Tennant, 318 B.R. at 870 (citing Great Pac. Money Markets, Inc. v. Krueger (In re Krueger), 88 B.R. 238, 241 (9th Cir. BAP 1988)). A procedure may be "perfectly appropriate" if it "notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline." Id. at 870-71 (citing Minkes v. LaBarge (In re Minkes), 237 B.R. 476, 478-79 (8th Cir. BAP 1999)). However, we have acknowledged that the "flexible" notice and hearing requirement does not allow a bankruptcy court to

5

steamroll over a party's due process rights.  Id. at 871 (citing Dinova v. Harris (In re Dinova), 212 B.R. 437, 443-44 (2d Cir. BAP 1997)).

**B.    The court violated due process by failing to afford Mrs. Sanders adequate notice and the right to be heard prior to dismissing her bankruptcy petition.**

In the present case, the bankruptcy court dismissed Mrs. Sanders' petition at the clerk's office filing window.  It did not give her any notice prior to dismissing her petition, nor did it allow her an opportunity to present arguments to the court or rectify any deficiencies.  This was an error.

Section 102(d) requires only such notice and opportunity for hearing as is "appropriate in the particular circumstances."  But it was not "appropriate" to dismiss Mrs. Sanders' case (by way of a handwritten note on an unrelated form) without giving Mrs. Sanders any semblance of prior notice or any opportunity for a hearing.

This was not a harmless error.  See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 776-77 (9th Cir. 2008) ("Because there is no reason to think that, given appropriate notice and a hearing, Rosson would have said anything that could have made a difference, Rosson was not prejudiced by any procedural deficiency.").  Mrs. Sanders could have pointed out that the only reason the court gave for dismissing her case is invalid: no rule or statute allows for summary dismissal solely because a debtor and her spouse have filed a particular number of bankruptcy cases in a given time period.  But the bankruptcy court did not give her a chance to say this or anything else.

We acknowledge that the dismissal of Mrs. Sanders'

6

chapter 11 case may have been inevitable. The Sanders family's record of filings and dismissals does not bode well. Further, it is nearly impossible for an unrepresented debtor to navigate the complexities of a chapter 11 case. Nevertheless, a court may not "cut to the chase" in a manner that deprives a party of due process.

Accordingly, the bankruptcy court erred when it dismissed Mrs. Sanders' petition without giving her notice of its intent to dismiss the case and affording her an opportunity to be heard on that issue.[5]

## CONCLUSION

For the reasons set forth above, we VACATE the bankruptcy court's dismissal of Mrs. Sanders' bankruptcy petition and REMAND the case to the bankruptcy court.

---

[5] Arguably, the present appeal may be moot, since the 180-day bar on filing has since expired, and Mrs. Sanders may file a new petition. But the improper dismissal of this case might still prejudice Mrs. Sanders because she and her husband would have filed **ten** bankruptcy cases in six years. In other words, if we allow the court's order to stand, Mrs. Sanders may never be able to get past the filing window.