
FILED

MAR 6 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-18-1185-FLS |
| BENZEEN INC., | Bk. No.   1:17-bk-13113-MT |
| Debtor. | |
| BENZEEN INC., | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| UST - UNITED STATES TRUSTEE, WOODLAND HILLS, | |
| Appellee. | |

Argued and Submitted on February 21, 2019
at Pasadena, California

Filed – March 6, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Maureen A. Tighe, Chief Bankruptcy Judge, Presiding

————

Appearances:     Michael R. Sment argued for appellant Benzeen Inc.

————

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 11[1] debtor Benzeen Inc. appeals from the bankruptcy court's order sua sponte dismissing its case at a status conference and hearing on Benzeen's disclosure statement. Benzeen argues that the bankruptcy court deprived it of due process by dismissing the case without proper notice and erred by failing to make specific findings of the factors warranting dismissal.

While the circumstances of the case are suspicious, we agree with Benzeen that the bankruptcy court committed procedural errors. Accordingly, we VACATE and REMAND.

————

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**FACTUAL BACKGROUND**[2]

**A.      Benzeen's chapter 11 petition**

On November 20, 2017, Benzeen filed a chapter 11 petition signed by its president, Roman Preys. It scheduled real property located on Appian Way in Los Angeles, California ("Property") in which Benzeen claimed a twenty-five percent interest. It valued the entirety of the Property at $3.6 million. Bayview Loan Servicing LLC ("Bayview") was the servicer for Bank of New York Mellon, which held the first deed of trust against the Property in the original principal amount of $1.5 million.

Benzeen also scheduled residential real property located on Iredell Lane in Studio City, California valued at $5.9 million. JPMorgan Chase Bank held a $3.2 million first-position lien against that property.

In December 2017, the bankruptcy court entered its Order Setting Scheduling and Case Management Conference and Filing of Monthly Reports. The order appeared to be a form document and provided:

> PLEASE TAKE FURTHER NOTICE that, based upon the Court's records and evidence presented at the status conference, the Court may take any of the following actions at the status conference (or at any continued hearing) without further notice:

---

[2] We exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.),* 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

1. Dismiss the case;
2. Convert the case to another chapter . . . .

Benzeen timely filed its proposed disclosure statement and proposed chapter 11 plan. In relevant part, the disclosure statement provided that Bayview "will receive 0 payments but [it] shall retain all State rights." However, the plan indicated without explanation that Bayview's claim would not be impaired and that it would be paid 100 percent.

The disclosure statement also provided that the plan would initially be funded by a $500,000 loan from Mr. Preys. Mr. Preys would procure the funds by selling "real property not owned by the Bankruptcy estate." Benzeen would then use the loan proceeds to renovate and sell the real property located on Iredell Lane to fund the plan.

## B.    Objection to disclosure statement

Bayview objected to approval of Benzeen's disclosure statement. It alleged that the mortgage loan secured by the Property was twelve years in arrears. It contended that the original borrowers had executed an unauthorized grant deed in 2013 that transferred a twenty-five percent interest in the Property to Benzeen; they only recorded the grant deed postpetition in March 2018. Bayview alleged that the Property had been involved in five bankruptcy cases by four debtors in the past three years.[3]

---

[3] The prior bankruptcy cases were filed on August 19, 2015 (dismissed October
(continued...)

Bayview objected that the disclosure statement falsely claimed that Benzeen owned the Property. It argued that the deed of trust "specifically precluded [the original borrowers] from transferring any interest in the subject property without [Bayview's] prior written approval."

Bayview also objected that the disclosure statement was vague as to the treatment of its claim. The plan provided that Bayview would receive no money but would "retain all State rights." Bayview argued that Benzeen failed to explain the supposed "rights" it would retain. It also pointed out that the proposed plan contradicted the disclosure statement and provided that Bayview's claim would be paid in full.

Finally, Bayview objected because the disclosure statement failed to provide adequate information about the plan's feasibility. The plan proposed to sell two pieces of real property to raise $7.8 million, but the disclosure statement did not adequately identify what property would be sold or provide any details of the proposed sale.

C.    **Hearing on Bayview's objection**

A hearing on the disclosure statement and a case status conference were scheduled for June 6, 2018. The day before the hearing, the

---

[3](...continued)
19, 2015), October 28, 2015 (dismissed November 16, 2015), March 2, 2016 (dismissed May 2, 2016), and November 6, 2017 (dismissed January 9, 2018). The court dismissed the cases for either failure to appear at the § 341(a) meeting of creditors or failure to file schedules. In each case, the debtor claimed an interest in the Property by way of an allegedly unauthorized grant deed.

bankruptcy court issued a tentative ruling on the objection to the disclosure statement. The tentative ruling concluded, "APPROVAL DENIED. APPEARANCE REQUIRED." The bankruptcy court did not mention the possibility of dismissal.

At the hearing and status conference, only counsel for Benzeen appeared. He agreed that the disclosure statement needed to be more specific and detailed. But the court interjected, "Well, that's fine, but it doesn't address this phenomenal history of game playing and transfers and fractional interest. I mean, this is – this is just – . . . a fraud scheme." In response to counsel's offer to amend the plan, the court expressed frustration: "[T]his is coming up every time there's a problem, 'Okay. We'll deal with that. We'll deal with that,' with no explanation of what kind of business Benzeen's been in playing these kind of games for years." It stated that Benzeen's plan was unrealistic and that "you're going to make up whatever you need to make up because [Mr. Preys] plays with all of these different corporations . . . ."

Near the end of the hearing, the bankruptcy court raised the notion of dismissal for the first time. It said:

> I'm denying the disclosure statement, but I'm dismissing
> the case. I'm not going to give this another chance to revise it.
> You've had since last year. This kind of case appears
> abusive. . . . The activity has been very suspicious leading up to
> the case, and I don't want to be part of being a place for him to
> play these games. Come in with proper disclosure and activity

at the beginning of the case if you've got that kind of money lying around instead of coming in and hiding all of this stuff until you get caught on it, and you could have had it in the disclosure.

The court concluded, "I'm not going to allow Mr. [Preys] to use the Court this way. Go out and straighten it out and then do it a different way. You had your one chance. It's over. So that's dismissed."

The bankruptcy court's order dismissing Benzeen's case did not provide detailed findings of fact and conclusions of law, but only noted that the court had held a status conference and stated:

> The court, finding cause for dismissal of the case under 11 U.S.C. § 1112(b) based on findings of fact and conclusions of law stated orally and recorded in open court pursuant to F.R.Civ.P. 52(a) . . . ,
>
> IT IS HEREBY ORDERED that the above referenced case be, and the same is hereby, dismissed.

Benzeen timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in sua sponte dismissing Benzeen's case at the hearing on Bayview's objection to the disclosure

7

statement.

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's interpretation of the Bankruptcy Code. *Shapiro v. Henson*, 739 F.3d 1198, 1200 (9th Cir. 2014). Similarly, "[w]hether an appellant's due process rights were violated is a question of law we review de novo." *DeLuca v. Seare (In re Seare)*, 515 B.R. 599, 615 (9th Cir. BAP 2014) (citing *Miller v. Cardinale (In re DeVille)*, 280 B.R. 483, 492 (9th Cir. BAP 2002), *aff'd*, 361 F.3d 539 (9th Cir. 2004)).

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

We review for abuse of discretion the bankruptcy court's decision to dismiss a case under § 1112(b). *See Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 611 (9th Cir. BAP 2014) (citing *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999)).

We apply a two-part test to determine whether the bankruptcy court abused its discretion. First, we consider de novo whether the bankruptcy court applied the correct legal standard. Then, we review the bankruptcy court's factual findings for clear error. *Id.* (citing *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)). We must affirm the bankruptcy court's factual findings unless we conclude that they are illogical, implausible, or without support in the record. *Id.* at 612 (citing

*Hinkson*, 585 F.3d at 1262).

## DISCUSSION

**A.    The bankruptcy court committed reversible error by failing to give Benzeen notice of its intention to dismiss its case.**

Benzeen argues on appeal that it was caught off guard by the bankruptcy court's ruling. There was no pending motion to dismiss, and the bankruptcy court did not give it notice that it was contemplating dismissal. We hold that the bankruptcy court denied Benzeen due process.

Generally speaking, a court must give sufficient notice of its intention to dismiss a case and the opportunity for interested parties to be heard. *See Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870 (9th Cir. BAP 2004) ("the concept of procedural due process requires a notice and an opportunity to be heard" (citing *Muessel v. Pappalardo (In re Muessel)*, 292 B.R. 712, 717 (1st Cir. BAP 2003))). According to the United States Supreme Court:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance[.]

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (internal citations omitted).

Section 1112(b) provides that, "after notice and a hearing," a court may dismiss a chapter 11 case "for cause." Section 102(1) defines the phrase "after notice and a hearing":

> (1) "after notice and a hearing", or a similar phrase -
>
>> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>>
>> (B) authorizes an act without an actual hearing if such notice is given properly and if -
>>
>>> (I) such a hearing is not requested timely by a party in interest; or
>>>
>>> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

§ 102(1).

"[T]he concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." *In re Tennant*, 318 B.R. at 870 (citing *Great Pac. Money Markets, Inc. v. Krueger (In re Krueger)*, 88 B.R. 238, 241 (9th Cir. BAP 1988)). A procedure may be "perfectly appropriate" if it "notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline." *Id.* at 870-71 (citing *Minkes v.*

*LaBarge (In re Minkes)*, 237 B.R. 476, 478-79 (8th Cir. BAP 1999)). However, we have acknowledged that the "flexible" notice and hearing requirement does not allow a bankruptcy court to steamroll over a party's due process rights. *Id.* at 871 (citing *Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 443-44 (2d Cir. BAP 1997)).

In the present case, the bankruptcy court did not provide Benzeen adequate prior notice of the contemplated dismissal. There was no motion to dismiss, and the bankruptcy court's tentative ruling issued a day before the hearing only indicated that it was inclined to disapprove the disclosure statement. At the hearing, the court made abundantly clear that it was displeased with Benzeen's conduct, but it did not raise the possibility of dismissal until nearly the end of the hearing.

The bankruptcy court's initial order setting the status conference stated that dismissal was a possibility. But the boilerplate language referencing dismissal as one of twelve possible actions that the court might take "at any continued hearing" did not notify Benzeen of any problem with its disclosure statement or its good faith. The form order did not give the court blanket license to dismiss the case (or to take any of the twelve actions) at any time. The order was not reasonably calculated to provide Benzeen with notice that the bankruptcy court was contemplating dismissal based on bad faith or deficiencies in the disclosure statement.

Under these circumstances, the bankruptcy court failed "to apprise

11

interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. "We acknowledge that the dismissal of [the debtor's] chapter 11 case may have been inevitable. . . . Nevertheless, a court may not 'cut to the chase' in a manner that deprives a party of due process." *Sanders v. U.S. Tr. (In re Sanders)*, BAP No. CC-15-1344-FKiKu, 2016 WL 3971324, at \*3 (9th Cir. BAP July 15, 2016). The bankruptcy court committed reversible error when it denied Benzeen due process.

**B.    The bankruptcy court erred by failing to consider the best interests of the estate and creditors.**

The bankruptcy court cited § 1112(b) as the basis for dismissal. Section 1112(b) provides that the bankruptcy court may dismiss a case "for cause." Although the statute does not define "for cause," it identifies a nonexclusive list of factors that may constitute "cause." *See* § 1112(b)(4). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *In re Sullivan*, 522 B.R. at 614 (citing *Chu v. Syntron Bioresearch, Inc. (In re Chu)*, 253 B.R. 92, 95 (S.D. Cal. 2000)).

If the bankruptcy court finds that "cause" exists under § 1112, it has an "independent obligation" to "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual

circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re Sullivan*, 522 B.R. at 612 (citing § 1112(b)(1), (b)(2)). Failure to consider these options is an abuse of discretion. *Id.*

The record is devoid of any indication that the bankruptcy court considered which option – dismissal, conversion, appointment of a trustee, or no action – was in the best interests of the creditors and the estate. This was error.[4]

## CONCLUSION

The bankruptcy erred when it sua sponte dismissed Benzeen's chapter 11 case without providing Benzeen with proper notice prior to dismissing its case or considering the best interests of the estate and creditors. We express no opinion as to the merits of dismissal. We VACATE and REMAND.

---

[4] We need not consider Benzeen's argument that the bankruptcy court failed to make adequate findings.